(No. 24392.—
THE PEOPLE *ex rel.* D. S. McGaughey, County Collector, Appellee, *vs.* ROY R. WILSON *et al.* Appellants.

*Opinion filed December 17, 1937.*

LEFORGEE, SAMUELS & MILLER, for appellants.

IVAN J. HUTCHENS, State's Attorney, (JOSEPH L. ROSENBERG, and ROY B. FOSTER, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants filed, in the county court of Macon county, objections to judgment for the 1935 delinquent taxes against two lots belonging to them in the city of Decatur. Their objections were overruled and the usual judgment entered. The usual stipulation as to jurisdictional facts, ownership and description of property, and the fact of value and assessment placed on the property by the assessor for the last five years on this and adjoining property, was signed and filed. It is also stipulated that the objectors filed a complaint, pursuant to the statute, with the board of review, complaining that the property was fraudulently appraised at more than its full value and was erroneously, unjustly and illegally assessed, and requesting the board of review to revise and correct the appraisement and assessment in accordance with the statute, but that the board refused to make any change in said assessment and granted no relief to objectors.

Appellants paid, under protest, seventy-five per cent of the taxes extended, and filed their objection to fifty per cent of the tax, as extended, with specification of their objections as provided by statute. The stipulation shows that the two lots, with the improvements thereon consisting of a three-story building on the front half of the lots and a one-story at its rear, were valued for assessment by the assessor at $43,200. It is stipulated that during the month of April, 1935, the objectors purchased the property at voluntary sale as the result of negotiations between them and the former owners for the sum of $15,360. It is also stipulated that the average net annual income from the premises for four years, from 1932 to 1935, inclusive, was $467.09. It is also admitted that one of the appellants informed the assessor of the purchase price, and gave him the rental history of the property and the facts concerning the sale.

The building on the property was, at that time, seventy-five or seventy-six years old, and is located in a part of what is known as the older business district of the city of Decatur. It is undisputed that there have been a number of vacancies in the buildings in the block in which appellants' property is situated, which have been continuous for six or seven years. Appellants' undisputed proof also is that the business development of the city is moving away from this particular section and that property prices have not been increasing, but, on the contrary, have been decreasing. Appellants' witnesses, some ten in number, placed the fair cash market value of the premises at sums ranging from $9000 to $17,000. The majority of the witnesses placed the value at $15,000, or less.

The assessor testified that he did not assess the property on a cash value basis nor take into consideration the sale as a basis, nor the rentals for the years 1932 to 1935. He testified that in arriving at the assessment of the property in the spring of 1935, in this block, he established a base of assessment values on the basis of a one hundred per cent location; that in so doing he considered rental values as shown by leases of record, business movement, replacement value of buildings, capitalized rentals, etc., and that the base was fixed at North Water and Williams streets. From this base he fixed comparative values in each direction. This plan was carried out on East Main street where appellants' property is situated.

The statute with reference to assessment of property requires that all property be assessed at its fair cash value. "Fair cash value" means what the property would bring at a voluntary sale where the owner is ready, willing and able to sell but not compelled to do so, and the buyer is ready, willing and able to buy but not forced so to do, as of April 1 in the year in which the assessment is made. (*People* v. *Gillespie*, 358 Ill. 40; *People* v. *Stewart*, 315 id. 25.) Assessed value, for taxation purposes, cannot be

impeached merely because the assessor and the court might differ as to the value of the property. Where the evidence clearly establishes that a gross over-valuation of the property has been made under circumstances showing that the actual value of the property was not considered, and that the recognized standards by which the value of property is determined were not taken into consideration or applied in fixing the valuation of the property, the valuation for assessment so fixed is subject to review by the courts. *People* v. *Gillespie, supra; People* v. *Stewart, supra; People* v. *Wiggins Ferry Co.* 357 Ill. 173.

It has also been repeatedly held, by this and other courts, that where the circumstances show the property to have been grossly over-valued and the assessed valuation is reached under circumstances showing either lack of knowledge of values on the part of the assessor making the assessment, or a deliberate and knowing fixing of values contrary to the known value, fraud, in law, will be inferred, and the court will protect the rights of the tax-payer. (*People* v. *Wiggins Ferry Co. supra; People* v. *St. Louis Electric Bridge Co.* 290 Ill. 307; *Raymond* v. *Chicago Union Traction Co.* 207 U. S. 20, 52 L. ed. 78.) In the case before us it is not only undisputed but admitted by the assessor, that at the time he made the assessment he was aware of the fact that appellants' property had been sold at voluntary sale at the sum of $15,360, yet he assessed it at $43,200. He admitted that he also knew of the sale of another piece of property in the same block at $38,000, and that he placed a value for assessment on that property of $31,600.

This record clearly discloses that the assessor, in placing the valuation on appellants' property for the purpose of taxation, did so without taking into consideration recognized standards by which the value of property is to be determined. No attempt was made on the part of the People to justify the value other than to show that all the prop-

erty in the block in which appellants' property is located, was assessed on proportionately the same basis.

Appellee says that appellants may not be heard upon the matter of assessed valuation because they did not pursue all their statutory remedies before they filed their objections to the application for judgment by the collector. Appellee says, and counsel for appellants concede, that it was necessary that appellants first pursue their remedy before the board of review. Appellee says, further, that there is no affirmative showing here that there was a hearing before the board of review. The stipulation, as hereinbefore referred to, shows that a complaint was filed before the board of review and that the board denied the relief sought and refused to make any change in the assessment. The complaint having been filed, it will be presumed that the board of review did its duty as to granting a hearing on the same and that its refusal to change the assessment was the result of that hearing. Appellants exhausted their statutory remedy before appealing for relief by their objection to taxes.

Numerous questions have been raised on the record which do not require attention in this decision for the reason that it is apparent, from the facts shown, that the assessment made by the assessor in this case was not the result of an error in judgment, merely, in placing, as he did, a gross over-valuation on appellants' property. Tested by any recognized method of valuation, the valuation for taxation purposes made by the assessor is so grossly out of proportion to the actual value of the property as to result in fraud in law.

The county court erred in refusing to sustain appellants' objections and the cause is remanded, with directions to sustain such objections and to direct a refund of the excess paid by appellants under protest.

*Reversed and remanded, with directions.*