(No. 28908.—

THE PEOPLE *ex rel.* Ivan R. Rhodes, County Collector, Appellee, *vs.* FRANK TURK *et al.,* Appellants.

*Opinion filed September 19, 1945—Rehearing denied Nov. 19, 1945.*

IRVING SHUTTS, of Joliet, for appellants.

JAMES E. BURKE, State's Attorney, (CHARLES M. ROBSON, of counsel,) both of Joliet, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

This is an appeal from a judgment of the county court of Will county, overruling an objection that real estate had been excessively valued. Appellants, Frank Turk and Margaret Turk, purchased the real estate involved in March, 1943, for the sum of $25,000 of which $5000 was paid in cash and the balance secured by mortgage. It was effected upon a voluntary sale, the seller being a corporation with the highest commercial rating.

The property was assessed on the basis of $82,100. For tax purposes, property in Will county is debased to the extent of seventy per cent, so the result was that property of appellants was taxed on a debased basis almost the same as the full amount paid for the property. The attention of the assessor was called to the purchase price before assessing it. After it was assessed at the value aforesaid, application was made to the board of review for reduction without success. Tax objections were filed accompanied by seventy-five per cent of the amount of taxes assessed. Objections were overruled and appeal is brought directly to this court.

In addition to proof of the amount paid for said property, a number of experienced real estate men testified that the fair market value was $25,000. It had been in the hands of real estate brokers for a number of years, and $25,000 was the best offer ever received for it. The premises include a frame building fifty or sixty years old; the property is subject to an easement which in effect cuts it in two; the building is of brick and wood construction, four stories high, and was designed for a factory; the plumbing is old and practically worthless, and water is furnished from a tank on top of the building. The cost of heating the building is about $1800 per year, and appellant is receiving $150 per month for the lower floor, the other floors not being rented. Upon the valuation fixed by the assessor, the taxes amounted to $1566.46. The assessor, the only

witness called by the appellee, did not attempt to give his opinion of the fair market value of the property, but based it entirely upon reproduction cost, less depreciation, upon a formula hereinafter discussed.

The only question in the case is whether an assessment of $82,000 as the fair market value of appellants' property is so excessive as to amount to constructive fraud. The property at a private voluntary sale brought $25,000. The only evidence in the case shows this is the fair market value at the time it was assessed. The assessor says he took this sale into consideration in assessing the property, but it is obvious that this is not true, because he testified to fixing values by a formula, which, when applied to this particular property, produces a valuation of $82,500. The formula contains nothing which requires consideration of the recent sale. Under such a state of proof, the consideration paid is given no more effect than an acknowledgment that the assessor knew the fact, but did not let it interfere with the application of the formula.

There is nothing in the record to explain the formula. The assessor says it shows a reproduction cost of nineteen cents per cubic foot of contents, without anything to show the basis of arriving at cost. Also, no consideration is given to the age or type of the building, if reproduced, or the desirability or salability of such a building. The assessor does not pretend to give an independent estimate of fair market value. By his sole reliance upon a formula not explained, and not shown to have any relation to market value, the appellee is in the position of having no proof of value in the record, except what appears upon the assessor's books. If this stood alone, without contradiction, it would be *prima facie* proof of lawful assessment, but when the assessor testifies as to how the value was arrived at, together with appellants' proof, the presumptive effect of the correctness of the assessed valuation is vitiated.

What, therefore, is the effect upon the assessment by the disclosed facts? The law requires the assessment of property at its fair market value. This means what the property would bring at a voluntary sale, where the owner is ready and willing to sell, but not compelled to do so, and the buyer is ready, willing and able to buy, but is not forced to do so, as of April 1 in the year the assessment is made. (*People ex rel. McGaughey* v. *Wilson,* 367 Ill. 494; *People ex rel. Wangelin* v. *Gillespie,* 358 Ill. 40; *People ex rel. Carr* v. *Stewart,* 315 Ill. 25.) The law also requires, if property within the taxing district is assessed on a debased proportion of the fair market value, all property shall be assessed upon the same plane. *People* v. *Gillespie,* 358 Ill. 40; *People ex rel. Wangelin* v. *Wiggins Ferry Co.* 357 Ill. 173; *Bistor* v. *McDonough,* 348 Ill. 624.

We have held since *Pacific Hotel Co.* v. *Lieb,* 83 Ill. 602, that property may be so excessively valued for tax purposes that courts will intervene to prevent a constructive fraud. In the assessment of property, constructive fraud is established in various ways. In *People* v. *Stewart,* 315 Ill. 25, we held where there is an entire absence of proof to sustain the assessment, and the evidence in connection with other circumstances shows an over-valuation which is excessive, the conclusion is required that it did not arise from error in the exercise of honest judgment, but was arbitrarily and intentionally made. In *People ex rel. Wangelin* v. *St. Louis Bridge Co.* 357 Ill. 245, it is held that in case of over-valuation it is not necessary that intentional fraud be shown, but that where the evidence clearly establishes the assessment was made either in ignorance of the value of the property, or on a judgment not based upon readily obtainable facts, or that the property was designedly excessively valued, such conduct on the part of the taxing authorities amounts to a constructive fraud.

So, in *People* v. *Wiggins Ferry Co.* 357 Ill. 173, it was held that a valuation based upon a speculative future, and not based upon what the property would fairly and reasonably sell for, effected a valuation that was arbitrary and wilful, and not a mere error of judgment, and constituted a constructive fraud. And to the same effect is *People* v. *Gillespie,* 358 Ill. 40. The rule is applicable in cases where the actual amount of a recent sale of the property, and the recognized standards by which values of property are determined, were not considered or applied in fixing the valuation. As late as the case of *People* v. *Wilson,* 367 Ill. 494, the rule is laid down that where the circumstances show the property to have been grossly over-valued, and the assessed valuation is reached under circumstances showing either lack of knowledge of values upon the part of the assessor making the assessment, or a deliberate and knowing fixing of values contrary to the known value, fraud in law will be inferred, and the court will protect the rights of the taxpayers.

Under the rule established and the comparable facts shown in the above cases, the appellants were entitled to relief. Thus, in the *Stewart case* property shown to have a fair market value of $1300 and $1600 per front foot was assessed at a valuation of $3150 and $3750, respectively. In *People* v. *Wilson,* 367 Ill. 494, property purchased for $15,360, of which the assessor had notice, was assessed at $43,200. In *People* v. *Gillespie,* 358 Ill. 40, property worth $17,000 to $35,000 was assessed at $70,500. In each instance the properties were held to show excessive assessed value upon which the taxpayer was entitled to relief. Similar proportions of overvalues are shown in the other cases cited. In the present case the assessed valuation is over three times the amount rather conclusively shown to be the fair market value between buyers willing and able to buy and sellers not compelled to sell. It is singular the assessor testified the formula he applied was

made in conjunction with two other named persons, neither of whom was called as a witness. The facts in the present case come so clearly within the law as laid down in numerous cases by this court that the assessment cannot be sustained.

The principal reliance of appellee is upon the case of *People ex rel. Toman* v. *Marine Trust Co.* 375 Ill. 488, but an examination of that case discloses it has no bearing upon the present situation, because an attempt was made to have this court hold a twelve-story building, with modern conveniences and producing income, was absolutely without value, and leave the bare lot only, as subject to taxation. This we declined to do, although we expressly approved the case of *People* v. *Wilson,* 367 Ill. 494. The county court was clearly in error in overruling appellants' objections.

The judgment of the county court is reversed and the cause remanded, with directions to sustain the objections to all taxes upon said premises produced by an assessed valuation in excess of $25,000 before debasement.

*Reversed and remanded, with directions.*