GUARANTEE INSURANCE AGENCY COMPANY, an Illinois Corporation, Plaintiff,

v.

MID–CONTINENTAL REALTY CORPORATION, a Delaware Corporation, et al., Defendants.

No. 71 C 1927.

United States District Court,
N. D. Illinois, E. D.

May 18, 1976.

---

■■■■■■■■■■■■■■■■■■■■

George S. Feiwell, Edward Slovick, Chicago, Ill., for plaintiff.

Stephen C. Shamberg, Friedman & Koven, Harold C. Hirshman, Sonnenschein, Carlin, Nath & Rosenthal, Winston & Strawn, William J. Harte, Boodell, Sears, Sugrue, Giambalvo & Crowley, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on the motion for summary judgment filed by certain defendants, to-wit: Mid-Continental Realty Corporation, Harry D. Sher, Alvin Behnke, William J. Friedman, Leone J. Peters, Paul Reynolds, Boyd J. Simmons, John J. Mack, Raymond Sher, James C. Downs, Jr. and Albert C. Svoboda. For the reasons hereinafter stated, this motion shall be granted.

This action was brought under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. Jurisdiction purportedly exists under Section 27 of the Securities Exchange Act of 1934. The plaintiff alleged that a prospectus which was issued on or about May 15, 1969 by Mid-Continental, Kidder, Peabody and Co., and 37 other securities dealers was false and misleading.

The court has previously characterized the complaint filed by plaintiff as follows:

The plaintiff alleges that the prospectus was misleading in that it failed to disclose that Mid-Continental was subject to a special risk of having its tax assessments increased. This risk allegedly arose out of representations purportedly made by Mid-Continental officials to the Assessor of Cook County, Illinois, to obtain tax relief on the ground of economic hardship. In substance, the representations were that the post-real estate tax income from certain buildings was so low that continued operation was uneconomic and that the existing assessments made it difficult to compete with similar properties. As a result of these representations, it is claimed, the Assessor reduced the assessed value of properties owned by Mid-Continental's predecessors, allegedly resulting in a savings of $500,000 or more per year for each of the years 1964 through 1968.

The core of the complaint is that this tax relief was completely within the discretion of the Assessor and that Mid-Continental could be denied the relief in future years. . . .

57 F.R.D. 555, 559 (N.D.Ill.1972).

Subsequent to the filing of the present suit, attempts by the Assessor to increase the assessed valuation of Mid-Continental's property from its 1968 assessed value have failed.

After the Assessor attempted to increase the assessed valuation for 1970, Mid-Continental filed two proceedings in the Circuit Court of Cook County, Illinois, County Department, Chancery Division: *Mid-Continental Realty Corporation v. Bernard Korzen, Cook County Collector, et al.,* Cause No. 71 CH 1841, and *Mid-Continental Realty Corporation v. Bernard Korzen, County Collector, et al.,* Cause No. 71 CH 1842. In 71 CH 1841, the court determined that the Assessor's effort to increase the assessed valuation in a nonquadrennial year failed since Mid-Continental was not provided with notice and an opportunity to be heard.

In 71 CH 1842, the court determined that not only did the Assessor fail to provide Mid-Continental with notice and an opportunity to be heard regarding the proposed increased assessments, but the Assessor's attempts to increase the assessments in the Board of Appeals via "Certificates of Correction" were not authorized by Illinois law and, even if they were authorized, they were not timely filed.

The previously discussed two cases were consolidated with four other similar cases under the heading of *Stanley L. Goodfriend et al. v. Board of Appeals of Cook County,*

*et al.,* 18 Ill.App.3d 412, 305 N.E.2d 404. On November 13, 1973, the Illinois Appellate Court rendered its decision in this case where the following was held:

> In the cases before us, Mid-Continental Realty, Harris Trust and LaSalle National had the right to previous notice from appellant County Assessor and an opportunity to be heard by him on the justness of any increase in the assessed valuation of their real estate for 1970 taxes. Ill. Rev.Stat.1969, ch. 120, par. 578. The notice and hearing were jurisdictional. [Citation omitted.]

18 Ill.App.3d 412, 425, 305 N.E.2d 404, 414.

A Petition for Leave to Appeal the decision of the Illinois Appellate Court was filed with the Supreme Court of Illinois, and Leave to Appeal was denied on March 28, 1974.

The Assessor also sought to impose an increased assessment for the year 1971. Again, Mid-Continental sought to enjoin the collection of taxes based upon this increased assessment in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, in a suit entitled *Mid-Continental Realty Corporation v. Bernard Korzen, Cook County Collector, et al.,* Cause No. 72 CH 1949.

In March of 1973, judgment was granted for Mid-Continental, and the defendants were enjoined from attempting to collect 1971 taxes from Mid-Continental on any basis other than the 1968 assessment. The Circuit Court not only stated that an Assessor does not have unlimited discretion to increase assessed valuations but also determined that the 1968 assessed valuation—which formed the basis for the taxes contained in the Prospectus—accurately reflected the fair market value of the real estate in 1971. The court stated:

> . . . Section 578 [Ill.Rev.Stat. ch. 120, § 578] does not authorize the Assessor on his own initiative to revise an assessment unless predicated upon a ra-

tional basis. The evidence in this case reveals that no complaint was initiated by the taxpayer and furthermore that there was no rational basis for any upward revision in 1971 of the 1968 assessments of the parcels here involved;

> \* \* \* \* \* \*

> . . . the amounts of the 1968 assessments on these parcels of property would fairly represent the fair market value of the said properties in 1971 as debased by methods and procedures used by the Assessor in determining assessments of similar properties for the year 1971; . . .

Slip Opinion at 3, 4.

This cause was appealed to the Illinois Appellate Court and thus far no decision has been rendered by that court.*

In deciding the key issue in this case, that is, whether or not tax relief is completely within the discretion of the Assessor and thus whether a special risk of increased tax assessments existed and should have been disclosed in the Mid-Continental prospectus, this court is constrained to look to Illinois state court decisions for guidance. The United States Supreme Court has held that, where a federal court must look at state law in order to determine federal rights, the federal court must follow a decision of the highest court of a state regarding state law. *Commissioner v. Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1783, 18 L.Ed.2d 886 (1967). However, if no decision by the highest state court is available, the federal court must apply what is found "to be the state law after giving 'proper regard' to relevant rulings of other courts of the State." *Id.*

The Circuit Court in *Mid-Continental, supra,* Cause No. 72 CH 1949, interpreted Ill.Rev.Stat. ch. 120, § 578, as failing to authorize the Assessor to institute proceedings on his own initiative to revise an assessment unless the property involved was

---

\* If it is felt that this Illinois Appellate Court decision, when rendered, would have any effect on this court's decision in the instant case, the parties are free to exercise their rights under Rule 60 of the Federal Rules of Civil Procedure before this court.

omitted from assessment for the current year or prior years and as failing to authorize a revision of an assessment unless based upon a rational basis. Previously, the Illinois Supreme Court had held that the law demands that property be assessed at its fair market value, *People ex rel. Rhodes v. Turk,* 391 Ill. 424, 427, 63 N.E.2d 513, 514 (1945), and that the assessing body has no right "to fix a valuation by its will, alone, without the exercise of judgment." *Aldrich v. Harding,* 340 Ill. 354, 358, 172 N.E. 772, 774 (1930) (citing authority).

It is apparent to this court that the Assessor does not enjoy unlimited discretion to alter assessments. Thus, no special risk of increased tax assessment was and/or is present in the instant situation. The possibility that an existing tax assessment may be altered in future years does not constitute anything other than a general risk; thus, it need not be disclosed in order to keep within the securities laws. Moreover, not only have there been no valid increased tax assessments since the prospectus involved here was issued, but no evidence has been presented to this court that the assessments upon which the prospectus was based were out of line.

For the foregoing reasons, it is hereby ordered that the motion of defendants Mid-Continental Realty Corporation, Harry D. Sher, Alvin Behnke, William J. Friedman, Leone J. Peters, Paul Reynolds, Boyd J. Simmons, John J. Mack, Raymond Sher, James C. Downs, Jr. and Albert C. Svoboda for summary judgment be, and the same hereby is granted.