(38233.—

THE PEOPLE *ex rel.* Leland J. Nordlund, County Collector, Appellee and Cross Appellant, *vs.* SAMUEL LANS *et al.,* Appellants.

*Opinion filed November 24, 1964.*

BERRY & SIMMONS, of Rockford, for appellants.

WILLIAM R. NASH, State's Attorney, of Rockford, (WILLIAM H. GATES, Assistant State's Attorney, of counsel,) for appellee and cross appellant.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The county collector of Winnebago County made application in the county court for judgment for delinquent taxes for years 1959 and 1960. Samuel Lans and his two sons Bertram and William filed objections, alleging their prop-

erty was so excessively overvalued as to amount to fraud. They requested a refund of a portion of their taxes, which they had paid under protest. The court granted only a part of the relief prayed, and the objectors appeal directly to this court. The collector has taken a cross appeal, claiming that only a difference of opinion on value is involved and that an assessment may not be held constructively fraudulent merely because it is excessive.

The subject property consists of a group of six old industrial buildings, all in fair condition, situated in the city of South Beloit. It was purchased in 1938 by Ida Lans, the now deceased wife of objector Samuel Lans, and descended to the present objectors as her heirs upon her death in 1960. It was assessed for inheritance tax purposes at a value of $127,500.

For the purpose of the property tax the county treasurer's office assessed it at a full, fair, cash market valuation of $385,000. During the years in question in Winnebago County this figure was then equalized for tax purposes by taking 60% thereof and arriving at an equalized value of $231,000. The tax rates applied to this basis produced a tax of $8,865.82 for 1959 and $8,618.30 for 1960.

The assessor testified that in making the assessment he followed the manual of rules and regulations put out by the Department of Finance, using a replacement cost less depreciation formula rather than a fair cash market value basis. A real-estate expert called by the objectors gave an appraisal of $127,500, or approximately $1 per square foot of building area, as the fair cash market value. Evidence was also introduced on objectors' behalf showing sales of eight other pieces of industrial property in the general area within a few years before and after the assessment in question. The prices per square foot ranged between 60¢ and $1.80.

The sole question presented is whether an assessment on a basis of $385,000 as the fair market value is so excessive

as to amount to constructive fraud. Under section 1 of article IX of the Illinois constitution, the courts, in the absence of fraud, have no power to review or determine the value of property fixed for purposes of taxation by the administrative officers to whom such function has been delegated. It is only when the valuation has been fraudulently made that it is subject to judicial review, and mere overvaluation is not sufficient to establish fraud. (*People ex rel. Callahan* v. *Gulf, Mobile and Ohio Railroad Co.* 8 Ill.2d 66.) The rule has become firmly established, however, that where the evidence shows property to have been grossly overvalued, and the assessed valuation is reached under circumstances showing either lack of knowledge of known values or a deliberate fixing of values contrary to the known value, fraud in law will be inferred and relief will be given to the taxpayer. (*People ex rel. Rhodes* v. *Turk,* 391 Ill. 424; *People ex rel. McGaughey* v. *Wilson,* 367 Ill. 494.) Constructive fraud is shown where the overvaluation is grossly excessive, and it is proved that the assessment was made either in ignorance of the value of the property or that it was not based upon readily obtainable facts. See *People ex rel. Harding* v. *Atwater,* 362 Ill. 546, 553.

In support of his cross appeal the collector asserts that the court substituted its judgment of valuation for that of the assessor, and that the evidence was not sufficient to show constructive fraud. We think the judgment must be reversed, but for other reasons. The question of excessiveness and constructive fraud may not be raised in the first instance in the county court proceedings. Section 108 of the Revenue Act gave objectors ample remedy to have the assessment, if excessive, corrected before the board of review, whether it had been made by the assessor fraudulently or otherwise. It is provided therein that "On complaint in writing that any property described in such complaint is incorrectly assessed, the board shall review the assessment, and correct the same, as shall appear to be just." (Ill. Rev.

Stat. 1959, chap. 120, par. 589.) The objections involved here fail to recite that any such steps had been taken, nor have we found anything elsewhere in the record to indicate that the statutory remedy had been pursued.

On reconsideration of this question on a petition for rehearing which was allowed at the September, 1964, term, we see no reason for departing from the long established rule that a tax objector must pursue his administrative remedies. This court has frequently expressed the requirement that such remedies be exhausted before judicial relief is available. *Mix* v. *People,* 116 Ill. 265, was a bill in chancery to foreclose a lien for taxes, and an owner complained that his land was fraudulently assessed at a far greater value in proportion than other properties. We replied: "Even if that is so, this objection can not be raised in this proceeding. The law has designated a certain person to assess and fix a value upon property for purposes of taxation, and given a remedy to parties aggrieved by his action, to have the same reviewed. If parties neglect this opportunity, they at least can not contest the matter in a suit like this, brought to enforce the lien given by the statute against the lands for the non-payment of the taxes." In *Sanitary District of Chicago* v. *Young,* 285 Ill. 351, 368, a taxpayer sought to enjoin the extension of taxes against its property on the ground, *inter alia,* that the assessor fraudulently valued it too high. The complaint was held insufficient for lack of allegations showing diligence in having the over-valuation corrected by the board of review. We said: "It has been frequently declared by this court that it is the policy of our law that the whole matter of the valuation of property for taxation shall be committed to the control of the assessor, the board of review and the board of supervisors of the respective counties, and that a party aggrieved by an excessive valuation, fraudulently or otherwise made, should apply to the board of review for a correction of the assessment. The statutory provisions concerning the tax-payer's

right to have the assessor's valuation of his property for taxation reviewed by the board of review are intended to provide adequate protection against fraudulent or excessive assessments of every kind and character." In *People* v. *Spurgeon Mercantile Co.* 352 Ill. 620, an action of debt was brought to collect delinquent personal property taxes, and the taxpayer objected that the assessment was made as a mere estimate without information as to value. No steps had been taken to obtain relief from the board of review. In reversing a judgment in the taxpayer's favor we said: "This is not an appeal to review the action of the board of appeals in making the assessment. Appellee, if it wanted to question the assessment on the ground that it was excessive or improperly made, should have filed complaint with the board of review. It cannot be permitted to defend the action for collection of the delinquent tax on the ground of irregularities in the assessment or over-valuation by the assessing officers." See also, *People ex rel. Paschen* v. *Hendrickson-Pontiac, Inc.,* 9 Ill.2d 250, 259; *People* v. *J. B. Inderrieden Co.* 375 Ill. 458, 461-462; *People ex rel. McGaughey* v. *Wilson,* 367 Ill. 494, 498; Cushman, "Judicial Review of Valuation in Illinois Property Tax Cases," 1941, 35 Ill. Law Rev. 689.

Since the objectors failed to show they pursued their remedy before the board of review to have the assessments corrected, the county court erred in sustaining the objections. The judgment is reversed and the cause is remanded, with directions to overrule the objections and enter judgment as prayed by the collector.

*Reversed and remanded, with directions.*