(No. 42511.—

CLARON N. WHITE, Appellant, *vs*. BOARD OF APPEALS OF COOK COUNTY *et al.*, Appellees.

*Opinion filed May 20, 1970.*

CLARON N. WHITE, *pro se.*

EDWARD V. HANRAHAN, State's Attorney, of Chicago, (DANIEL P. COMAN, Chief of the Civil Division, JAMES A. ROONEY, and THOMAS E. BRANNIGAN, Assistant State's Attorneys, of counsel,) for appellees.

Mr. JUSTICE WARD delivered the opinion of the court:

The plaintiff, Claron N. White, brought an action in the

circuit court of Cook County against the Board of Appeals seeking a direct review by that court of the Board's assessment of certain real property for 1966. The complaint alternatively requested relief from the assessment under the Administrative Review Act and also asked that a writ of *mandamus* be issued to compel the Board to conduct its hearings in conformity with certain statutory requirements. This original complaint of three counts was subsequently amended to include assessments made for the same property of the plaintiff for 1967 and 1968. The circuit court allowed the defendant's motion to dismiss the complaint and, the revenue being involved, the plaintiff has brought his appeal directly to this court. Ill. Rev. Stat. 1969, ch. 110A, par. 302(a).

The plaintiff, after receiving notices of the assessor's valuation of his property, filed complaints for each of the years in question with the Board of Appeals of Cook County and each year requested a hearing on his complaint. His challenge to each assessment was that it was so excessive as to constitute a constructive fraud and a violation of the constitutional command of uniformity of taxation. On February 16, 1967, the plaintiff was afforded a hearing which he charges did not conform to the requirements of section 118 of the Revenue Act, since only one member of the Board was present. (Ill. Rev. Stat. 1969, ch. 120, par. 599.) Later that day the plaintiff returned to the hearing room of the Board and requested a hearing before both members of the Board of Appeals. A hearing before both members was held with respect to the 1966 assessment, after which the Board ordered a small reduction in this assessment. Concerning his 1967 and 1968 assessments, the plaintiff later appeared before the Board but refused the Board's offer of a hearing before both of its members. The Board ordered no change in the assessments for these years. The only reason given by the plaintiff for declining the hearing was that the hearing would have been illegal.

Count I of the complaint requested the circuit court to "review" the decision of the Board of Appeals of Cook County. Specifically, the circuit court was requested to determine that the assessor's assessed valuations of plaintiff's real estate were "excessive and thus based on constructive fraud," and was requested to order the Board to direct the assessor to revise the assessed valuations to amounts the plaintiff contended were proper. The relief sought in this count would require a judicial determination of the correctness of the assessment placed on the plaintiff's property by the authorized officials. This court has held that no common-law authority to make assessments or re-assessments of property exists in any court of this State. (*People* v. *Illinois Women's Athletic Club,* 360 Ill. 577.) Taxation of property is a legislative rather than a judicial function, and under limitations expressed in section 1 of article IX of the Illinois constitution, the courts in the absence of legislative authority have no authority, except in cases of fraud, to review or determine the value of property which has been assessed for purposes of taxation by appropriate administrative officers. (*People ex rel. Nordland* v. *S.B.A. Co.,* 34 Ill.2d 373; *People ex rel. Nordland* v. *Lans,* 31 Ill.2d 477.) Thus, the circuit court properly dismissed the count which asked for a direct review of the assessments.

Parenthetically, we observe that a taxpayer complaining of a fraudulently excessive assessment has remedies available in equity and under the Revenue Act. Equity may enjoin the collection of a tax which is levied upon a fraudulently excessive valuation. (*People ex rel. Williams* v. *McDonald,* 44 Ill.2d 349; *Ames* v. *Schlaeger,* 386 Ill. 160; *Bistor* v. *McDonough,* 348 Ill. 624.) Too, the Revenue Act provides a form of review for the taxpayer by his filing an objection to the county collector's application for judgment for taxes. (Ill. Rev. Stat. 1969, ch. 120, pars. 675, 716.) Parenthetically, it appears from the record that during the pendency of this lawsuit, the plaintiff apparently paid under

protest the taxes for the years in question and filed objections to the county collector's applications in the circuit court for judgment for the taxes. Hearings on these objections have been postponed until the disposition of this appeal.

Count II of the complaint alternatively requested relief from the action of the Board of Appeals under the provisions of the Administrative Review Act. (Ill. Rev. Stat. 1969, ch. 110, par. 264 *et seq.*) However, the Act is not of universal application. As this court said: "The act is not self-executing, but applies only to those cases where it is adopted, by express reference, by the act creating or conferring jurisdiction upon the administrative agency involved." (*People ex rel. Hillison* v. *Chicago, Burlington and Quincy R.R. Co.,* 22 Ill.2d 88, 92.) The legislature has not made the Administrative Review Act applicable to actions of the Board of Appeals. Thus, judicial review of a decision of the Board of Appeals is not to be had under the Administrative Review Act. The second count of the complaint was properly dismissed by the circuit court.

In the third count the plaintiff sought a writ of *mandamus* to compel compliance by the Board with section 118 of the Revenue Act. (Ill. Rev. Stat. 1969, ch. 120, par. 599.) This section directs that complaints relating to real property shall be considered "by towns", that the hearing upon any complaint shall be "open to the public" and that the Board of Appeals shall "sit together" and hear the representations of the interested parties. Any order of the Board for a correction of an assessment "shall be made in open session and entered of record on the books of the board." The plaintiff has charged that the complaints were not heard by towns, that the hearing was not open to the public, that the Board did not sit together while hearing his complaint, and that the order of the Board for a correction of his 1966 assessment was not made in open session as the statute requires.

We observe that a writ of *mandamus* should be awarded

only in the exercise of sound judicial discretion and only where the plaintiff has established a clear right to this extraordinary remedy. (*LaSalle National Bank* v. *Village of Riverdale,* 16 Ill.2d 151, 160; *People ex rel. Adamowski* v. *Dougherty,* 19 Ill.2d 393, 400.) We consider that the allegations of the third count did not sufficiently establish the "clear right" required for the issuance of the writ. With respect to the 1966 assessment it is clear that the plaintiff received a full hearing before both members of the Board. The fact that there had been a hearing earlier that day before only one member of the Board did not affect the validity of the second hearing. The plaintiff secured what he sought; namely, a hearing before both members of the Board. His allegations that the hearing on his 1966 assessment was not open to the public and that the complaints were not heard by towns are in the form of conclusions and are not supported by any allegations of specific facts in the count. He does not claim that members of the public were excluded from the hearings. His statement that he observed some of the hearings on other taxpayers' complaints would suggest that the hearings were open. There is no unequivocal setting forth that the Board did not consider the complaints by towns. Finally, even if we regard the plaintiff's allegation that the order for correction of his 1966 assessment was not issued by the Board in open session as sufficiently charging a failure to comply with the statute, we consider that the circuit court correctly denied the issuance of the writ. The plaintiff did receive personal notice of the corrected assessment *via* the mails the day following the hearing, and had the circuit court issued a writ of *mandamus* directing the Board to render its order in open session, only formalism would have been served. The granting of the extraordinary remedy would have been inappropriate. *Mandamus* is not a writ of right but its award is within the exercise of sound judicial discretion. *Cf. People ex rel. Hamer* v. *Jones,* 39 Ill.2d 360, 368-369.

The petition for a writ of *mandamus* with regard to the 1967 and 1968 assessments we also consider to have been properly dismissed by the court. The plaintiff filed complaints with the Board of Appeals for each of these years but upon appearing before the Board, refused its offer of a hearing before both of its members. *Mandamus* will not issue to compel the doing of an act where the record discloses that the person or entity whose compulsion is sought is willing to perform the act freely and without compulsion. (*People ex rel. Bradford Supply Co.* v. *Circuit Court of Pulaski County,* 393 Ill. 520, 528; *Cooper* v. *Village of Lincolnshire,* 108 Ill. App. 2d 251, 256.) The Board was willing to provide the hearing the plaintiff sought and there was not, considering this, a basis for issuing the writ.

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*