*In re* APPLICATION OF BERNARD KORZEN, County Collector—(GERALDINE D. HOFFMAN, Objector-Appellant.)

(No. 59262;

First District (3rd Division)—June 20, 1974.

Thomas E. Brannigan, of Price, Cushman, Keck, Mahin & Cate, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The Cook County Collector made application in the circuit court of Cook County for judgment and order of sale against certain real property for delinquency in the payment of general taxes for 1971. Geraldine D. Hoffman filed objection no. 508 to the application, alleging that the assessed valuation of the property in question was excessive. The County Collector filed a motion to dismiss objector's "amended valuation and tax rate objection" on the basis that objector failed to exhaust her ad-

ministrative remedies. The circuit court sustained the county's motion to dismiss the amended objection. Objector has appealed from that order.

Objector presents two related issues for review. First, she questions whether a holder of a certificate of purchase from a tax sale of property is required to file an overvaluation complaint with the Board of Appeals as a prerequisite to objecting to the assessed valuation of property. Second, she questions whether as a holder of a certificate of purchase she was required to file an overvaluation complaint with the Board of Appeals where the assessment list for the township where the property was located was published after the time for filing overvaluation complaints with the Board had expired.

We affirm.

On December 29, 1972, objector paid the 1971 real estate taxes on a certain parcel of real estate located in Chicago, Illinois in full and under protest. At this time objector was the owner of the property, having acquired a tax deed on May 12, 1972. Before this date objector was the holder of a certificate of purchase for the property. During the period of time objector was a holder of a certificate of purchase the Property Tax Appeal Board was hearing complaints regarding property located in Hyde Park Township. The Board held their official meeting during the period of January 3, 1972, to January 14, 1972, pursuant to statutory notice. The Cook County Assessor published the assessment list for the instant property located in Hyde Park Township on January 19, 1972. This assessment forms the basis of Hoffman's objection. At the time objector filed her amended objection to the application for judgment and order of sale she was no longer the owner of the property which she had sold on January 11, 1973.

The amended objection alleged in essence that the 1971 assessment was so excessive as to be constructively fraudulent. Objector based this allegation on the difference between the assessed valuation and the sale price of the property on January 11, 1973. The sole ground of the County's motion to dismiss was that objector had failed to exhaust her administrative remedies.

■■ In regards to objector's first contention that a holder of a certificate of purchase, as opposed to an owner, need not file a complaint before the Property Tax Appeal Board, section 117 of the Revenue Act of 1939 provides in pertinent part:

> "In counties containing 1,000,000 or more inhabitants, complaints that any particular property, real or personal, described therein, is over assessed or under assessed or is exempt may be made by any taxpayer." (Ill. Rev. Stat. 1971, ch. 120, sec. 598.)

The statute speaks in terms of "any taxpayer" and does not, on its face,

distinguish between the owner of property and the holder of a certificate of purchase. As a taxpayer who was objecting to the valuation of the property objector was required to file a written complaint with the Board of Appeals. Objector has cited no authorities in support of her position.

Assuming that the statute allows persons other than owners to file complaints, objector next urges that we relax the doctrine of exhaustion of administrative remedies in the instant case because that doctrine was based on a constitutional provision on longer in force. A statement of the general rule of exhaustion as applicable to the instant case can be found in *People ex rel. Brittain v. Outwater*, 360 Ill. 621, 624, 196 N.E. 835, 836, wherein the court stated:

> "Courts have no power to fix the value of property for taxation, and before a taxpayer may resort to the courts for relief he must show that he has been diligent in pursuing his remedy to have the assessment corrected by the board of review or that he was prevented from pursuing such remedy by fraud, accident or mistake. (*Kinderman v. Harding*, 345 Ill. 237; *People v. Hart*, 332 id. 467)."

This rule has been applied to situations where relief was sought on the ground that the assessment was so excessive as to be constructively fraudulent. See *Budberg v. County of Sangamon*, 4 Ill.2d 518, 123 N.E. 2d 479.

Objector argues that the exhaustion requirement has been mitigated by the 1970 Constitution. She points out that the line of cases which support the exhaustion requirement rest upon the provision of the 1870 Illinois Constitution which provided that the value of property for taxpayers shall "be ascertained by some person or persons, to be elected or appointed in such manner as the general assembly shall direct, and not otherwise; * * *." (Ill. Const. art. IX, sec. 1 (1870); *People ex rel. Nordlund v. Lans*, 31 Ill.2d 477, 202 N.E.2d 543.) The 1970 Constitution does not have this exact language. The comparable section of the 1970 Constitution provides: "Except as otherwise provided in this Section, taxes upon real property shall be levied uniformly by valuation ascertained as the General Assembly shall provide by law." (Ill. Const. art. IX, sec. 4 (1970).) Objector has not persuaded us that the difference in the two sections suggests any erosion of the exhaustion requirement. The legislature has provided a comprehensive system for revision of assessments by the Board of Appeals. (Ill. Rev. Stat. 1971, ch. 120, secs. 593-606). The legislature amended all of these sections in 1970. The exhaustion doctrine is still alive. See *In re Application of County Treasurer*, 5 Ill.App.3d 694, 283 N.E.2d 905.

534

■■ Objector's second contention is that she was excused from filing a complaint with the Property Tax Appeal Board because the assessment list was published after the time for filing complaints with the Board of Appeals had expired. Objector did not attempt to file a complaint with the Board of Appeals. She does not allege that she was prevented from filing a complaint by fraud, accident, or mistake. (*People ex rel. Brittain v. Outwater, supra.*) In the case of *In re Application of County Collector, supra,* objectors alleged that they appeared at the office of the Board of Appeals on five separate occasions to file a complaint but were given a "run around." Nevertheless the court held they could not file their objection to the excessive valuation for the first time in an application for judgment and order of sale. The court noted that objectors should have compelled the Board of Appeals to hear their complaint by means of a mandamus action.

■■ In the instant case the record is devoid of any allegation that objector attempted to file a complaint with the Board of Appeals. A demand upon the Board of Appeals to consider the complaint in the first instance would have been appropriate. (See *First National Bank v. Board of County Commissioners,* 264 U.S. 450.) Mandamus was not yet necessary. See *White v. Board of Appeals of Cook County,* 45 Ill.2d 378, 259 N.E.2d 51.

For the above reasons, the order of the circuit court dismissing objection no. 508 is affirmed.

Judgment affirmed.

McNAMARA, P. J., and MEJDA, J., concur.