*In re* APPLICATION OF COUNTY TREASURER OF COOK COUNTY—(THE PEOPLE *ex rel.* BERNARD KORZEN, COUNTY TREASURER, Relator-Appellee, *v.* FULTON MARKET COLD STORAGE COMPANY, Objector-Appellant.)

(No. 59447;

First District (5th Division)—September 27, 1974.

Moses, Gibbons, Abramson & Fox, of Chicago (James L. Fox, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Henry A. Hauser, Donald P. Smith and Alan L. Fulkerson, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Upon application of the Cook County collector, the circuit court of Cook County, basing its decision on objector's failure to exhaust its administrative remedies, entered judgment against objector for 1969 real property taxes. On appeal objector contends: (1) that it was not required to exhaust its administrative remedies; (2) that the judgment resulted in a deprivation of due process of law; (3) that the Federal civil rights act is applicable; and (4) that the civil rights act is not affected by the exhaustion of administrative remedies doctrine.

Objector, after paying its taxes under protest as required by sections 194 and 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, pars. 675 and 716), filed lengthy objections to the Cook County collector's application for judgment and sale of its 1969 real property taxes. The thrust of the objections was that because of the improper assessment procedures utilized in Cook County it was required to bear a disproportionate part of the tax burden.

The Cook County collector filed a motion to dismiss the objections for failure to exhaust administrative remedies pointing out that the objector had not filed a complaint regarding its 1969 assessment with the Cook County Board of Appeals. Objector filed an answer to the motion to dismiss alleging that the statute does not require it to appear before the Board of Appeals; that an appearance before the Board would be a useless act; that the Board had adjourned prior to the determination of the 1969 multiplier; and that the value of the property is not at issue.

After an evidentiary hearing, the trial court made the following determinations substantially in accord with the allegations in the objections: (1) that the objector owns improved property at 1000 West Fulton Market in Chicago; (2) that the fair market value of the property in 1969 was $1,451,000; (3) that for 1969 the property was assessed at $1,080,785, or at about 65% of the fair cash value, and was equalized at $1,642,793, which is within the realm of reasonable differences of opinion regarding fair cash value; (4) that objector did not file a complaint for 1969 with the Cook County Board of Appeals; (5) that median assessment for real property in Cook County for 1969 and the five preceding years are less than or equal to 27% of fair cash value indicating a continuity of purpose on the part of assessment officials to keep the assessment levels below the level of fair cash value prescribed by the Revenue Act; (6) that wide variations exist in the assessment levels of

the different classes of property in Cook County and among the properties in each class indicating a continuity of purpose on the part of the assessing officials to assess property at different percentages of fair cash value; (7) that both county and state officials have taken no steps to correct the situation; and (8) that there is an intentional, wilful and systematic discrimination against the objector as a result of which objector's property is assessed at about 240% of the level for property generally in Cook County. The court concluded that this situation worked a constructive fraud on objector; that the assessing officials were violating sections, 20, 130, 131, and 140 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, pars. 501, 611, 612 and 621); and that those officials were depriving objector of its rights under the uniformity provisions of the Illinois Constitution of 1870. The court noted that objector would have been entitled to a refund of approximately $62,000 had it filed a complaint with the Board of Appeals. However, since objector did not file such a complaint, on the strength of *People ex rel. Nordlund v. Lans*, 31 Ill.2d 477, 202 N.E.2d 543, and *People ex rel. County Collector v. Bostwick*, 33 Ill.2d 74, 210 N.E.2d 189, the court entered judgment for the county collector.

OPINION

Objector first contends that it was not required to exhaust its administrative remedies. It argues that an appearance before the Board of Appeals was a useless act since the Board lacked authority to change the instant assessment and because it had previously been denied relief before the same Board; that justice requires that an exception to the doctrine of exhaustion of administrative remedies be made here; and that the cases relied upon by the trial court are distinguishable.

Objector's primary argument is that the Board of Appeals lacked authority to change the 1969 assessment on its property. The Revenue Act was specific regarding the standard to be applied in 1969 for valuing real property. Section 20(1) of the Code (Ill. Rev. Stat. 1969, ch. 120, par. 501(1)) provides:

"Each tract or lot of real property shall be valued at its fair cash value, estimated at the price it would bring at a fair, voluntary sale."

Objector points out that the equalized assessment of its property for 1969 was essentially equal to the fair cash value of its property and the trial court made a finding to that effect. Thus, it is clear that the ultimate effect of the process of assessment and equalization in the instant case was in conformity with section 20(1) as it then existed. Objector argues that since its property was properly valued, albeit after equalization, the Board of Appeals had no authority to act on any

complaint it might have filed even upon a showing that it was bearing a disproportionate share of the tax burden as a result of other property in the county being under assessed. Section 113 of the Revenue Act (Ill. Rev. Stat. 1969, ch. 120, par. 594) specifies the powers and duties of Boards of Appeal in counties of 500,000 or more inhabitants. Paragraph (1) of that section states:

> "On complaint that any property is over assessed or under assessed, or is exempt, review and order such assessment corrected."

The State argues that the terms "over assessed" in this paragraph provide ample authority for the Board to act in the instant case where objector complains that its property was assessed at a higher level than was other property in the county. However, in view of section 20(1) of the Revenue Act, establishing fair cash value as the standard of real property valuation for tax purposes, the Board upon complaint had no authority to reduce objector's assessment to anything less than fair cash value. (See *Chicago, Burlington & Quincy R.R. Co. v. Department of Revenue*, 17 Ill.2d 376, 391, 161 N.E.2d 838, 847.) Indeed, had objector filed a complaint, the Board, pursuant to section 20(1), may have been obligated to raise objector's assessment to fair cash value. Such action, together with the application of the equalizing multiplier, would only have aggravated objector's plight since its property was already assessed at a value above that of the other property in the county and would not have resulted in raising the assessments on those properties which are underassessed. Furthermore, objector cannot be expected to file a complaint with the Board of Appeals for each and every parcel of underassessed property in the county.

■■ When a taxpayer properly complains that he is bearing a disproportionate share of the tax burden because of the undervaluation of other property in the county, the Illinois Supreme Court has indicated that the tax objection procedure is the proper remedy to pursue. (*People ex rel. Cain v. Illinois Central R.R. Co.*, 33 Ill.2d 232, 210 N.E. 516; *People ex rel. Kohorst v. Gulf, Mobile & Ohio R.R. Co.*, 22 Ill.2d 104, 174 N.E.2d 182; *People ex rel. Hillison v. Chicago, Burlington & Quincy R.R. Co.*, 22 Ill.2d 88, 174 N.E.2d 175; *People ex rel. Callahan v. Gulf, Mobile & Ohio R.R. Co.*, 8 Ill.2d 66, 132 N.E.2d 544.) The proper measure of damages in such circumstances is *not* the amount of tax the objector would have paid had its property been valued at the same level as other property in the county. Such a measure of damages would require a departure from the statutory standard of valuation. (*People ex rel. Hillison v. Chicago, Burlington & Quincy R.R. Co.*, 22 Ill.2d 88, 102, 174 N.E.2d 175, 181-182.) Rather, as the court explains in *People ex rel. Kohorst v. Gulf, Mobile & Ohio R.R. Co.*, 22 Ill.2d 104, 112, 174

N.E.2d 182, 187, "[t]he measure of recovery is the difference between the amount of taxes extended against the objectors and the amount which would have been extended had the locally assessed property been equalized at 100% full, fair cash value." It is clear that the Board of Appeals was in no position to grant this relief, the amount of the tax bill not then being known.

In these circumstances, objector was not required to file a complaint with the Board of Appeals. The judgment of the circuit court of Cook County is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SULLIVAN, P. J., and BARRETT, J., concur.