*In re* APPLICATION OF COUNTY TREASURER OF COOK COUNTY.—(BERNARD J. KORZEN, County Treasurer and Ex-Officio County Collector, Applicant-Appellee, *v.* PIPER'S ALLEY CORPORATION, Objector-Appellant.)

First District (1st Division) No. 61732

Opinion filed January 19, 1976.

Welfeld & Chaimson and Witt & Witt, both of Chicago (Frederic I. Chaimson and Peter C. Alexander, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Dorothy Kirie, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

The objector, Piper's Alley Corporation, owner of an improved parcel of real estate in Chicago, requested the Assessor to sever a portion of the parcel and divide the severed portion into two separate parcels. Complying with this request, the Assessor carved out two separate parcels and assigned each an index number, referred to for convenience in this opinion as 061 and 062. Parcel 062 was vacant property, while 061 had substantial improvements.

The assessment of parcel 062 for 1972 included 800,000 cubic feet of improvements while the assessment of parcel 061 for that year included only insignificant improvements. The evidence establishes that the improvements assessed on parcel 062 actually stood on 061; as a result, parcel 062 was substantially overassessed while parcel 061 was substantially underassessed. The objector, after paying the 1972 real estate tax under protest pursuant to section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, § 675) attacked the assessment on parcel 062 by objection filed pursuant to section 235 of that Act (§ 716).[1] The objection alleges that the valuation placed on the parcel was so grossly excessive as to be constructively fraudulent.

The County Collector moved to dismiss the objection because of the failure of the objector to file a complaint in the Board of Appeals. The evidence, which was undisputed, showed that the Assessor submitted a certificate of correction to the Board of Appeals pursuant to section 122 of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, § 603) requesting a revision to assess parcel 062 for 1972 as improved commercial instead of industrial property, and a reduction on the improvements was granted for that reason. The objector received notice of the filing of the certificate of correction, but did not appear before the Board of Appeals, and never filed a complaint in the Board of Appeals with respect to the improvements assessed on parcel 062. The deputy in charge of com-

---

[1] This proceeding thus follows the statutory legal remedy described in *Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill.2d 84, 87, 322 N.E.2d 833; *La Salle National Bank v. County of Cook* (1974), 57 Ill.2d 318, 324, 312 N.E.2d 252; and *Clarendon Associates v. Korzen* (1973), 56 Ill.2d 101, 103, 306 N.E.2d 299, but not followed by the taxpayers in those cases.

plaints in the Board of Appeals appeared as a witness for the objector. His duty was to supervise the administrative procedures on complaints and certificates of correction. He testified that the policy of the Board was to dismiss complaints filed by a taxpayer when a certificate of correction submitted by the Assessor was pending. The court reserved ruling on the Collector's motion to dismiss the objection, and did not rule on it at any time during the proceedings. The court dismissed the objection after trial, stating as its reason that in view of their common ownership any error in assessment on parcel 062 did not affect the substantial justice of the tax levied on parcels 061 and 062 taken together.

The Collector urges that the judgment be affirmed on the ground stated by the circuit court and on the additional ground that the objector failed to exhaust its administrative remedies. The objector contends that because the trial court did not rule on the Collector's motion relating to objector's failure to file a complaint before the Board of Appeals, this issue was not properly preserved for review. It also argues that it was excused from filing a complaint before the Board of Appeals because the testimony of the deputy in charge of complaints in the Board of Appeals indicates this would have been a useless act. In addition, the objector contests the authority of the circuit court to consider whether the assessments on parcels 061 and 062 taken together added up to a substantially just tax. The latter argument is based on the objector's assertion that a proceeding under section 235 of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, § 716) is limited to the correctness of the assessment under attack, while the court in reaching its decision implicitly increased the assessment on 061 which was not objected to. In addition, the objector contends that in lumping the two parcels together to support the conclusion that considered together they were fairly assessed, the court deprived the objector of due process since the procedure followed by the court afforded the objector no opportunity to present evidence as to what would have been a proper assessment on the underassessed parcel.

■■ A judgment can be sustained by a reviewing court on any basis appearing in the record which validly supports it, even if the ground was not ruled upon by the trial court. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill.2d 141, 147, 324 N.E.2d 417; *Vendo Co. v. Stoner* (1974), 58 Ill.2d 289, 307, 321 N.E.2d 1; *Shaw v. Lorenz* (1969), 42 Ill.2d 246, 248, 246 N.E.2d 285; *Perlman v. First National Bank* (1973), 15 Ill.App. 3d 784, 793, 305 N.E.2d 236.) Thus, even though the circuit court did not consider the appellee's motion to dismiss based upon the taxpayer's fail-

ure to exhaust its administrative remedies, the issue is one this court can properly examine for the purpose of affirming the judgment appealed from.

■■ The courts of this State have consistently adhered to the rule that a taxpayer must exhaust all administrative channels available to contest property assessments before being entitled to judicial relief. (*Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill.2d 84, 91, 322 N.E.2d 833; *People ex rel. Nordlund v. S.B.A. Co.* (1966), 34 Ill.2d 373, 215 N.E.2d 233; *Shappert Engineering Co. v. Weitemeyer* (1966), 34 Ill.2d 97, 213 N.E.2d 530; *People ex rel. County Collector v. Bostwick* (1965), 33 Ill.2d 74, 76, 210 N.E.2d 189; *People ex rel. Nordlund v. Lans* (1964), 31 Ill.2d 477, 480, 202 N.E.2d 543; *In re Application of County Treasurer* (1975), 26 Ill.App.3d 753, 765, 326 N.E.2d 120; *In re Application of Korzen* (1974), 20 Ill.App.3d 531, 314 N.E.2d 593.) Although relating to a different type of tax than the one with which this appeal is concerned and to an administrative procedure to which the Administrative Review Act is applicable,[2] *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill.2d 350, 357, 326 N.E.2d 737, is also noted because of its discussion of the exhaustion doctrine.

Section 113 of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, § 594), establishes the Board of Appeals as the administrative agency to which complaints regarding the action of the Assessor are to be directed. The only exceptions brought to our attention by the objector which have permitted bypassing the Board of Appeals are where the Assessor fails to give the taxpayer timely notice of an increase in assessed valuation on his property or where the Board lacks power to correct the condition to which the objection is directed. (*Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill.2d 84, 91, 322 N.E.2d 833; *People v. Jennings* (1954), 3 Ill.2d 125, 119 N.E.2d 781; *Korzen v. Fulton Market Cold Storage Co.* (1974), 22 Ill.App.3d 1088, 318 N.E.2d 241.) In *Clarendon Associates v. Korzen* (1973), 56 Ill.2d 101, 105, 306 N.E.2d 299, where a taxpayer sought injunctive relief against an excessive valuation instead of pursuing the statutory legal remedies, the court recognized additional exceptions in instances where the tax is levied upon exempt property or unauthorized by law. Those exceptions do not assist the objector here because it makes no claim that the property is exempt, and in *La Salle National Bank v. County of Cook* (1974), 57 Ill.2d 318, 312 N.E.2d 252, the court stated that an excessively high assessment does not come within the "ambit" of a tax unauthorized by law.

---

[2] The Administrative Review Act does not apply to actions of the Board of Appeals. *White v. Board of Appeals* (1970), 45 Ill.2d 378, 381, 259 N.E.2d 51.

■■ Although neither the statutes nor applicable case law cited by the objector excuses the filing of a complaint in the Board of Appeals where the Assessor has filed a certificate of correction, the objector requests this court to recognize this as an exception to the exhaustion doctrine. Several reasons lead us to decline the invitation. The taxpayer is notified of the certificate of correction and can be heard on it. There is no inherent inconsistency between the Assessor filing a certificate of correction and the taxpayer filing a complaint. The portions of the Revenue Act from which the Board of Appeals derives its powers and from which taxpayers and the Assessor derive their statutory rights to file valuation complaints and certificates of correction do not make them mutually exclusive procedures.[3] A taxpayer's valuation complaint is designed to protect a property owner from excessive and unjust assessments while a certificate of correction is a procedure permitting the Assessor to petition for correction of his own nonjudgmental errors to the end that the assessment process might be more efficient and just. They are concurrently available procedures and there is no reason or authority for viewing them otherwise.

The facts of this case demonstrate the value of the administrative procedure which, if followed by the objector, would have focused attention on the correlation between the underassessment on parcel 061 and the overassessment on parcel 062. This would have afforded the Board of Appeals the practical opportunity of correcting both errors at the same time, thus placing the objector in the position it would have occupied if both parcels were originally properly assessed.

■■ The lack of any apparent connection between assessment of the objector's property as industrial instead of commercial and its assessment as improved instead of vacant leaves us reluctant to accept the prognosis of the deputy in charge of complaints in the Board of Appeals that any complaint filed by the taxpayer would have been dismissed without being considered. In refusing to excuse the filing of a complaint in nonquadrennial years as a useless act, the court pointed out in *People ex rel. County Collector v. Bostwick* (1965), 33 Ill.2d 74, 77, 210 N.E.2d 189, new procedures might have been adopted by reason of changes in the personnel of the Board, or if the personnel remained unchanged, the procedures of the Board might have been altered. The objector's claim that an appearance by the taxpayer before the Board of Appeals would have been useless because a certificate of correction dealing with a totally different subject was pending is neither logical nor persuasive.

---

[3] Sections 113, 116, 117 and 122 of the Illinois Revenue Act (Ill. Rev. Stat. 1971, ch. 120, §§ 594, 597, 598 and 603).

In addition, in *In re Application of County Treasurer* (1975), 26 Ill. App.3d 753, 766, 326 N.E.2d 120, and *In re Application of Korzen* (1974), 20 Ill.App.3d 531, 534, 314 N.E.2d 593; this court stated that where the Board of Appeals refuses to hear a complaint, the taxpayer has the obligation to compel the Board to consider his grievance by means of a mandamus action. We conclude that the pendency of the certificate of correction did not justify the objector's failure to complain to the Board of Appeals about its vacant property being assessed as improved.

The judgment is affirmed on the ground that the taxpayer chose not to pursue the available administrative remedies. It is, therefore, not necessary to decide whether the circuit court properly concluded that the tax on parcels 061 and 062 taken together was substantially just.

Judgment affirmed.

GOLDBERG, P. J., and BURKE, J., concur.