(No. 47154.—

THE PEOPLE *ex rel.* BERNARD KORZEN, County Collector, Appellant, v. FULTON MARKET COLD STORAGE COMPANY, Appellee.

*Opinion filed Jan. 26, 1976.—Rehearing denied March 25, 1976.*

CREBS, J., took no part.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Deputy State's Attorney, and Henry A. Hauser

and Alan L. Fulkerson, Assistant State's Attorneys, of counsel), for appellant.

Moses, Gibbons, Abramson & Fox, of Chicago (James L. Fox, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Fulton Market Cold Storage Company (hereafter objector) appealed from the judgment of the circuit court of Cook County entered in favor of Bernard Korzen, county treasurer and *ex-officio* county collector of Cook County (hereafter collector), upon the collector's application for judgment for sale of objector's real estate for unpaid general taxes for the year 1969. The appellate court reversed (22 Ill. App. 3d 1088), and we allowed the collector's petition for leave to appeal.

Section 113 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 594(1)) provided in pertinent part that in counties of 500,000 or more inhabitants, the Board of Appeals in any year shall, "On complaint that any property is over assessed or under assessed, or is exempt, review and order such assessment corrected." Section 20 of the Revenue Act provided that "real property shall be valued at its fair cash value ***." (Ill. Rev. Stat. 1969, ch. 120, par. 501(1).) Objector had filed a complaint before the Cook County Board of Appeals contesting the assessment of its real estate for 1968 but had filed no such complaint for 1969. It paid the general taxes for each year under protest, and filed objections to the collector's application for sale. The objections were consolidated for trial and it was stipulated that the evidence introducted by objector would apply to the objections for both years.

The circuit court found that the equalized assessed value of objector's real estate was approximately the same as its fair cash value, that the equalized assessed value of all

property in Cook County was 41.62% of its fair cash value, that the 1968 assessment of objector's property was, therefore, constructively fraudulent, and ordered a refund to objector in the amount of $56,510.99. The court found that the 1969 assessment was also constructively fraudulent. It stated that objector would have been entitled to a refund of approximately $62,000 of the $108,128 it had paid under protest, but because objector had not filed a complaint before the Board of Appeals, acting under compulsion of *People ex rel. Nordlund v. Lans,* 31 Ill.2d 477, and *People ex rel. County Collector v. Bostwick,* 33 Ill.2d 74, the court allowed the collector's motion to dismiss the objections and entered judgment for the collector for the full amount of taxes assessed.

The appellate court held that although the assessment for 1969 was constructively fraudulent the Board of Appeals was not empowered either to grant objector relief on the ground that its property was assessed at a higher level than other property in Cook County or to reduce the assessed value of its real estate to less than its fair cash value, that under these circumstances objector was not required to file a complaint before the Board of Appeals precedent to seeking relief in the circuit court, and reversed the judgment.

The collector contends that the appellate court erred in holding that the Board of Appeals was not empowered to correct the overassessment of which objector complained. Citing *People ex rel. Kutner v. Cullerton,* 58 Ill.2d 266, and *La Salle National Bank v. County of Cook,* 57 Ill.2d 318, the collector argues that the Cook County assessor was authorized to classify real estate, that the fair cash value of objector's real estate should properly be defined as that percentage of fair cash market value at which other property of the same class was assessed, that under this definition objector's property may have been overassessed, and that the Board of Appeals was empowered to grant relief. The collector contends that the objector was

required to exhaust its administrative remedies and, having failed to do so, the circuit court judgment must be affirmed.

Although recognizing the established rule that a taxpayer must exhaust his administrative remedies prior to seeking relief in the courts, objector contends that the circumstances here rendered the rule inapplicable. It contends that the Board of Appeals was not empowered to correct the fraudulent disparity in assessment which resulted from the improper underassessment of other property in Cook County. It argues that because its property was properly assessed at approximately its fair cash value the assessment could be reduced only by debasing the assessed valuation and that under *People ex rel. Hillison v. Chicago, Burlington & Quincy R.R. Co.*, 22 Ill.2d 88, and *Chicago, Burlington & Quincy R.R. Co. v. Department of Revenue*, 17 Ill.2d 376, such debasement was prohibited. It argues that it could not obtain relief under the administrative procedure, and that it was therefore not required to file a complaint before the Board of Appeals.

This court has held that exhaustion of the administrative procedures provided in the Revenue Act is a condition precedent to filing objections to the collector's application for judgment (*People ex rel. Nordlund v. Lans*, 31 Ill.2d 477), and that the filing of the complaint was required even though the reviewing board had denied relief on an earlier complaint filed within the quadrennium (*People ex rel. County Collector v. Bostwick*, 33 Ill.2d 74). The reason for the rule is well stated in *Bostwick* wherein the court said:

"In our opinion one of the purposes in providing for consideration by the board of review of alleged assessment errors in each year was to provide a simple, economical and expeditious method whereby a taxpayer might secure a review thereof. While objector argues that since

no change in assessed value can be made without notice in years intervening between quadrennial ones, and, since no change was made and no notice given, he should not be required to perform a useless act and duplicate his 1958 appearance, this argument is predicated upon his assumption that had he presented his complaint to the board in 1959 and 1961 relief would have been denied. While it is possible that this result would have obtained, such is not a necessary conclusion, for even though the basis for complaint was similar in each year, different methods of proof might have been used, personnel of the board might have been altered, or, if the facts and personnel remained identical, the opinion of the board might have changed. Although objector's argument is not without force, we believe it would be a perversion of the manifest statutory intent were we to hold that the statute contemplates appearance before the board of review only in a quadrennial year or an intervening year in which a change in valuation is made." 33 Ill.2d 74, 77.

If it were shown that there was no means by which the reduction in the assessed valuation of objector's property could be effected under the statutory administrative procedure it could perhaps be argued that the filing of the complaint was not required. (*Illinois Bell Telephone Co. v. Allphin,* 60 Ill.2d 350, 358.) That, however, was not the case. There is no question that prior to the adoption of the 1970 Constitution there had been *de facto* classification of real property in Cook County for purposes of taxation (*La Salle National Bank v. County of Cook,* 57 Ill.2d 318) and that the practice was ratified by the provisions of section 4(b) of article IX of the Constitution (*People ex rel. Kutner v. Cullerton,* 58 Ill.2d 266). In determining whether objector's property was overassessed

the Board of Appeals was not restricted to consideration of the sole question whether the assessed valuation exceeded the fair cash value. It could also have considered whether the real estate was correctly classified and whether the assessment was at the same percentage of fair cash value as was applied to other property within the appropriate classification. In our opinion the record fails to show circumstances which invoked an exception to the rule that the statutory administrative procedures must be followed prior to filing objections to the collector's application for judgment for sale of the real estate.

For the reasons stated the judgment of the appellate court is reversed, and the judgment of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.