(No. 47577.—

THE PEOPLE *ex rel.* BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 142, COOK COUNTY, Appellant, v. THE STATE BOARD OF EDUCATION, Appellee.

*Opinion filed Jan. 26, 1976.—Rehearing denied March 25, 1976.*

RYAN and UNDERWOOD, JJ., specially concurring.

Klein, Thorpe, Kasson & Jenkins, of Chicago (Franklin W. Klein and Bruce A. Zolna, of counsel), for appellant.

Margaret M. McDonnell, of Chicago, for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

This *mandamus* action in the circuit court of Cook County was filed on June 27, 1974, by the Board of Education of School District No. 142 (hereinafter plaintiff), against Michael J. Bakalis, who at that time was Superintendent of Public Instruction of the State of Illinois. It sought to compel him to pay to the plaintiff certain sums allegedly due to it by way of reimbursement for costs of transporting pupils to its schools. The Illinois State Board of Education was subsequently substituted as the defendant. The circuit court granted the defendant's motion to dismiss the action, and the appeal was transferred here under Rule 302(b).

The plaintiff operates three schools located in the village of Oak Forest and in an adjacent unincorporated area. For some years it has furnished transportation to pupils attending its public schools, but has not done so for pupils attending parochial or other nonpublic schools. Section 29—4 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 29—4) requires that any school district which elects to provide transportation for its public school pupils must also provide transportation without charge for children attending nonpublic schools. Under section 29—5 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 29—5) a portion of the costs incurred for transporting students to public schools is reimbursed by the State.

Prior to 1969 it does not appear that any action was taken by the State to bring the plaintiff into compliance with section 29—4. In that year, however, Ray Page, the then Superintendent of Public Instruction, advised the plaintiff that in his opinion the failure to afford transportation to students at nonpublic schools was illegal, and he warned the plaintiff that if the situation were not corrected, the plaintiff's status as a recognized school

would be withdrawn.

A "recognized school" is defined in section 18—8 of the Code (Ill. Rev. Stat. 1973, ch. 122, par. 18—8), which provides:

> "Any school district which fails for any given school year to maintain school as required by law, or to maintain a recognized school is not eligible to file for such school year any claim upon the common school fund. *** A 'recognized school' means any public school which meets the standards as established for recognition by the Superintendent of Public Instruction. ***"

The consequence to a school district of a loss of recognition is thus ineligibility not only for transportation reimbursement but for other forms of State financial aid as well. A provision virtually identical to the present section 18—8 has been a part of the School Code at least since its enactment in 1961. See Ill. Rev. Stat. 1961, ch. 122, par. 18—8.

In 1970 the plaintiff filed an action in the circuit court of Cook County to restrain the Superintendent of Public Instruction from withdrawing recognition or withholding any State funds. The principal basis for the action was the claim that section 29—4 was invalid because it violated the freedom of religion provisions of the Federal and State constitutions. On April 5, 1972, the circuit court upheld the validity of section 29—4, and dismissed the complaint. That judgment was affirmed on June 25, 1973, in *Board of Education v. Bakalis*, 54 Ill.2d 448.

It does not appear that the defendant took any action against the plaintiff until after the circuit court had rendered its decision upholding section 29—4. In July, 1972, when the plaintiff submitted its claim for reimbursement for transporting public school students during the school year 1971-1972, the defendant denied the claim. A year later, when the plaintiff submitted a similar claim for the school year 1972-1973, that claim was also denied. The plaintiff resubmitted each of its claims in October, 1973, and they were again denied. By this petition for

*mandamus* the plaintiff seeks to compel reimbursement for those prior years during which it was admittedly not complying with section 29—4.

We are unable to perceive any basis in either logic or equity why the plaintiff should be entitled to such reimbursement. Our earlier decision resolved the question of the validity of section 29—4 and other provisions of the School Code adversely to the plaintiff, and thereby established that the defendant could properly withhold State funds from the plaintiff.

The plaintiff characterizes the act of withholding transportation reimbursement as a "penalty" unlawfully imposed upon it by the defendant for failure to furnish transportation to nonpublic school pupils or for challenging the validity of section 29—4. In the prior suit a similar claim was made that the defendant's threat to withdraw recognition was intended to coerce the plaintiff into abandoning its legal attack on section 29—4. In rejecting that claim, we stated:

> "*** The Superintendent of Public Instruction concluded that plaintiff was not in compliance with section 29—4, and the sanction of having funds withheld was imposed, not, as suggested by plaintiff because of its refusal to comply with the legal opinion of the Superintendent of Public Instruction, but because of its violation of section 29—4." 54 Ill.2d at 472.

The plaintiff argues that our prior decision could not have determined its right to reimbursement for transportation since no withholding of reimbursement had taken place at the time when suit was commenced. The defendant had, however, withheld reimbursement in July of 1972, prior to our decision on appeal, and in its brief filed on that appeal the plaintiff called that fact to our attention. Moreover, in sustaining the defendant's power to withhold all State funds, we necessarily sustained the refusal to make specific reimbursements for which the

plaintiff had failed to qualify.

We adhere to the view which we have already expressed that the withholding is not an unlawful penalty, but is simply the result of the plaintiff's refusal to meet a requirement of eligibility established by the School Code.

The plaintiff also states that prior to our former decision it had reasonable grounds for believing that section 29—4 was unconstitutional since that "was an open question in Illinois and there was a sharp division of opinion in other States." The plaintiff was of course entitled to challenge the validity of section 29—4, but, having failed in that challenge, the plaintiff cannot now be heard to insist upon the reimbursement to which it might have been entitled had our decision gone the other way.

The defendant also suggests that the judgment below must in any event be affirmed for the reason that those appropriations on which reimbursement would have to be drawn have now lapsed, and for the further reason that the plaintiff's suit was one against the State in contravention of the statutory provision granting the State immunity (Ill. Rev. Stat. 1973, ch. 127, par. 801). In view of our disposition of the appeal, it is unnecessary to consider these additional contentions.

The judgment of the circuit court was correct, and it is affirmed.

*Judgment affirmed.*

MR. JUSTICE RYAN, specially concurring:

A writ of *mandamus* should issue only when the plaintiff has established a clear legal right to this extraordinary remedy. (*White v. Board of Appeals* (1970), 45 Ill.2d 378, 382.) Since I find no facts in the record which show a clear legal right in the plaintiff, I concur in the result reached by the majority that the action was properly dismissed.

Before reimbursement for transportation is made by the State, local school districts must meet certain proced-

ural requirements. The applicable section of the statute (Ill. Rev. Stat. 1973, ch. 122, par. 29—5) requires that the board clerk or the secretary of the district certify the district's claim for reimbursement to the county superintendent of schools. The county superintendent must then ascertain the district's compliance with prescribed standards, approve the claim, and certify it to the State. There is no allegation in the record that these procedural requirements were satisfied.

Further, section 29—5 requires that the school to which students are transported must be one that "meets the standards for recognition" and that the transportation provided must meet various standards established by the State Board of Education. After carefully reviewing the record and briefs, I am unable to find any allegations of compliance with any of these standards.

While I concur with the result reached by the majority, I am unable to agree with some of the language and reasoning of the opinion. The claim for reimbursement was made under section 29—5 of the statute. This was not a claim on the common school fund made under section 18—8, and therefore the merits of plaintiff's claim must be judged by the standards of section 29—5, not section 18—8.

Eligibility for payments from the common school fund under section 18—8 is predicated on maintaining "school as required by law" or maintaining "a recognized school." A recognized school is defined in the same section as one that meets the standards as established for recognition by the Superintendent of Public Instruction.

Eligibility for reimbursement for transportation under section 29—5 requires that the school to which the students are transported be one that "meets the standard for recognition as established by the Superintendent of Public Instruction," and the transportation provided must also meet certain other standards relating to transportation which are also established by the Superintendent of Public

Instruction. The criteria for payment under the two sections of the School Code do not necessarily coincide.

We have not been informed whether or not compliance with section 29—4 is one of the standards of recognition established by the Superintendent of Public Instruction, nor have we been informed whether or not compliance with section 29—4 is one of the transportation standards established by the Superintendent. I am therefore not able to say whether or not the funds were properly withheld. We do not reach that question because as noted earlier the plaintiff has not alleged facts which show a clear legal right to the remedy sought.

The majority opinion states that our decision in *Board of Education v. Bakalis* (1973), 54 Ill.2d 448, sustained "the defendant's power to withhold all State funds." I do not feel that the issue of withholding all State funds for failure to comply with section 29—4 was squarely before us then, and consequently I must disagree with the majority's interpretation of the holdings of that case.

MR. JUSTICE UNDERWOOD joins in this special concurrence.