In re APPLICATION OF COUNTY TREASURER.—(THE PEOPLE *ex rel.* BERNARD KORZEN, County Treasurer and *ex officio* County Collector of Cook County, Relator-Appellee, *v.* GUARANTY BANK & TRUST COMPANY, Trustee, Objector-Appellant.)—*In re* APPLICATION OF COUNTY TREASURER.—(THE PEOPLE *ex rel.* BERNARD KORZEN, County Treasurer and *ex officio* County Collector of Cook County, Relator-Appellee, *v.* WINTHROP TOWERS, Objector-Appellant.)

First District (5th Division)    Nos. 62267, 62288 cons.

Opinion filed October 22, 1976.

Altheimer & Gray and Moses, Gibbons, Abramson & Fox, both of Chicago (James L. Fox, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Dorothy Kirue, Assistant State's Attorneys, of counsel), for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Objectors appeal from orders dismissing their objections to plaintiff's application for judgment and order of sale against lands having unpaid real estate taxes for 1972. The cases have been consolidated for review by this court. They contend: (1) their payments of the corrected amount of tax shown on the Assessor's certificate of error satisfied the threshold requirement of payment of "all of the tax installments due" of section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 675); (2) the County is estopped from asserting objectors' nonpayments; and (3) an order for illegally levied taxes violates the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

The County, through its Treasurer and ex-officio collector (Collector), filed an application for judgment and order of sale against real estate for which taxes remained due for 1972 pursuant to section 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 716).

Objector, Guaranty Bank and Trust Company, as trustee and owner of the Sherone Hotel in appeal No. 62267, filed amended objections to the Collector's application alleging the Assessor's 1972 quadrennial assessment value of $321,124 and the subsequent reduced assessment of $239,634 as shown by the Assessor's certificate of error No. 6528 violated section 20 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par.

501) because the assessments did not represent the fair cash value of the property. The objector further alleged payment under protest of $30,487.78, the full amount of taxes due based upon the corrected assessment. Receipts stamped by the Collector showing this payment and bearing the additonal notations "1972 C of E Parcel," "Paid under Protest," and "TR 8-27-73 6528" were incorporated into the objection.

Objector Winthrop Towers, as owner of a similar apartment building in appeal No. 62288, also objected to the Collector's application and alleged the Assessor's 1972 assessment of $969,590 fraudulently exceeded the fair cash value of the property. It further alleged that an appeal to the Board of Appeals in 1972 resulted in a "no change" order, but that in 1973 the Assessor reduced the assessed valuation by $34,500 and that it paid $119,045.44 under protest, the full amount due based upon the corrected assessment. Incorporated into its objection was a receipt stamped by the Collector showing this payment and bearing the additional notations "1972 C of E Parcel," and "TR 8-30-73 6813."

In response to both objections, the Collector filed motions to dismiss on the grounds that separate actions were pending between the parties based upon the Assessor's certificates of error No. 6813 and No. 6528, and that objectors failed to pay all taxes due as required by section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 675).

After a consolidated hearing on both motions, the trial court entered separate orders which dismissed the objections for failure to comply with section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 675), and entered judgment against the tracts for 1972 taxes in the amounts that had been paid.

OPINION

Objectors contend their payments of the corrected amounts of tax based upon the Assessor's certificates of error No. 6528 and No. 6813 satisfied the statutory prerequisite of payment of "all of the tax installments due" under section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 675). Section 194 provides, in pertinent part:

" * * * If any person desires to object pursuant to Section 235 of this Act to all or any part of a real property tax for any year, for any reason other than that the real estate is not subject to taxation, he shall first pay all of the tax installments due * * *."

Section 235 in turn provides for objections to the Collector's application, but provides:

" * * * that no person shall be permitted to offer any such defense unless such writing specifying the particular cause of objection shall be accompanied by an official original or duplicate tax collector's receipt, showing that all taxes to which objection is

made have been paid under protest pursuant to the provisions of section 194 of this Act; * * *."

The sole issue before this court then is whether payment of an amount of taxes corrected by the County Assessor and Board of Appeals and accepted by the Collector constitutes payment of "all of the tax installments due" for section 194 of the Revenue Act of 1939 so that objections to any further allegedly illegal assessments can be heard by the court.

In the instant case, the trial court's orders were twofold. They first denied the objections for failing to prepay all taxes due as required by section 194, and then adjudged the amounts which objectors had paid as the correct amounts of the tax due. Thus, the orders are internally inconsistent and contradictory. On the one hand, objectors have failed to pay the amounts due and, on the other hand, they have correctly paid them. If the amounts which the Collector accepted and issued receipts for after the Assessor corrected his assessments and modified the tax bills represent the correct taxes due for purposes of the Collector's application proceedings, then they must also represent "all of the tax installments due" under section 194.

■■ Moreover, when section 194 is read in conjunction with section 235 as required by the Act, the interpretation of "all of the tax installments due" becomes even more clear. Section 235 requires an objector to show "all taxes to which objection is made have been paid." However, once the assessment has been reduced, the taxes recomputed, and the corrected amount of tax accepted by the appropriate county officials, the taxpayer is no longer objecting to those taxes which resulted from the initial improper assessment. We hold therefore, that the payment of an amount of taxes corrected by the Assessor and Board of Appeals and accepted by the Collector satisfies the requirement of payment of "all of the tax installments due" of section 194 of the Revenue Act. Ill. Rev. Stat. 1973, ch. 120, par. 675.

We believe this is a case of first impression in Illinois. The cases cited by plaintiff (*People ex rel. Anderson v. Chicago & Eastern Illinois R.R. Co.* (1948), 399 Ill. 520, 78 N.E.2d 265; *People ex rel. Darr v. Alton R.R. Co.* (1942), 380 Ill. 380, 43 N.E.2d 964; *In re Application of County Collector* (1974), 23 Ill. App. 3d 923, 320 N.E.2d 456; and *In re Application of County Treasurer* (1972), 5 Ill. App. 3d 694, 283 N.E.2d 905, *cert. denied*, 411 U.S. 912, 36 L. Ed. 2d 303, 93 S. Ct. 1549) are inapposite to the issue. Those decisions are concerned with the sufficiency of an objector's protest form, amendments to objections, and the nonpayment of any amount of taxes whatsoever, and not with the construction of the phrase "all of the tax installments due." Moreover, in the majority of those decisions, the court allowed the objections to be heard. Similarly, in *Lakefront*

*Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 167 N.E.2d 236, the court, while requiring taxes to be "paid in full," did not determine whether an admitted error in assessment would require payment of more than the corrected amount of tax. *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415, 424, 167 N.E.2d 236, 241.

The history of objection proceedings to collector's application suits has progressively increased the burden on the taxpayer to prepay his taxes as a prerequisite to having his objection heard by the court. The original rule that no prepayment was necessary evolved through a 75% prepayment requirement to the current requirement that "all of the tax installment due" be paid. (See *People ex rel. Sweitzer v. Orrington Co.* (1935), 360 Ill. 289, 195 N.E. 642.) Our holding should not be interpreted as a relaxation of this trend. Rather, we still require that the full amount of taxes due be paid under protest, but in those situations where the assessment has been reduced and the corrected amount accepted by the collector, full payment is accomplished by paying the corrected amount under protest.

■■ Although the taxpayer must still exhaust all administrative remedies of review through the Board of Appeals before he challenges an assessment in court (*People ex rel. Nordlund v. Lans* (1964), 31 Ill. 2d 477, 202 N.E.2d 543), any question of exhaustion of remedies in these cases has not been preserved for review. The certificates of error were not introduced at the hearing on this motion, but no party contested their existence below, and the trial court's orders specifically referred to each certificate by number.

In light of our disposition of objectors' initial contention we need not reach the remaining contentions in this appeal.

For the reasons stated above, the orders dismissing the objections are reversed, and the causes are remanded for further proceedings on the objections.

Reversed and remanded.

SULLIVAN, J., and JOHNSON, P. J. (Fourth Division), concur.