*In re* APPLICATION OF PEORIA COUNTY TREASURER AND COLLECTOR.—(PEORIA COUNTY TREASURER AND COLLECTOR, Appellant, *v.* THE RADNOR GRANGE, Appellee.)

Third District    No. 81-331

Opinion filed May 17, 1982.

John A. Barra, State's Attorney, of Peoria (Roberta L. Szydlowski, Assistant State's Attorney, of counsel), for appellant.

No brief filed for appellee.

JUSTICE BARRY delivered the opinion of the court:

In this appeal we are asked to review an order entered on May 5, 1981, by the circuit court of Peoria County which sustained the objection of the appellee, the Radnor Grange (taxpayer), to real estate taxes for 1979, paid under protest by the taxpayer in 1980, and directed the county treasurer of Peoria County (treasurer) to refund the taxes to the taxpayer. The basis of the taxpayer's objection was its contention that the property in question was exempt from taxation under the provisions of section 19.10 of the Revenue Act of 1939 (the Act) (Ill. Rev. Stat. 1979, ch. 120, par. 500.10).

■■ We note, preliminarily, that the appellee has failed to file a brief in this court. While we are not compelled to serve as an advocate for the appellee or to search the record for the purpose of sustaining the judgment of the trial court, where, as is the case here, the record is simple and the claimed errors are such that we can decide them without the aid of an appellee's brief, we will consider the merits of the appeal. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.) The instant appeal thus comes before us on the appellant's brief and the record, which contains a proposed report of proceedings prepared by the treasurer without amendment to or objection by the taxpayer and certified by the trial court pursuant to Supreme Court Rule 323(c) (73 Ill. 2d R. 323(c)).

The record shows that on January 29, 1980, the taxpayer filed a complaint before the Peoria County Board of Review questioning the assessment placed on property owned by the taxpayer. This complaint was addressed to the valuation of the property and included the following notation: "It is suggested that leased land for parking space has been included in land owned by Radnor Grange." Although the preprinted complaint form provided a space in which the taxpayer could indicate its assertion that the subject property was exempt from taxation, the taxpayer made no such assertion. On April 28, 1980, the board of review issued its final decision, making no change in the valuation of the taxpayer's property.

Subsequently, 1979 real property taxes were levied against the property based on the valuation which had been confirmed by the board of review. These taxes were paid, under protest, by the taxpayer on August 22, 1980. At the same time, the taxpayer filed a written objection to the Peoria County Tax Collector's (Collector's) application for judg-

ment against it on the basis that the taxpayer's property was exempt from taxation under section 19.10 of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 500.10). That section provides exemptions from taxation for:

"All property which may be used exclusively by societies for agricultural, horticultural, mechanical or philosophical purposes, and not for pecuniary profit."

Whether the taxpayer's property is exempt from taxation under this statutory provision is a question we need not address, since something more than status and use of property is required for exemption. The additional requirement is set forth in section 19 of the Act which provides:

"All property described in Sections 19.1 through 19.24 to the extent therein limited, is exempt from taxation. *However, it is the duty of the title holder or the owner of the beneficial interest * * * to file with the county assessor, or supervisor of assessments * * * on or before January 31 of each year, a certificate* stating whether there has been any change * * *. * * * Failure to file such a certificate shall * * * constitute cause to terminate the exemption from taxation of that property, notwithstanding any other provisions of this Act." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 120, par. 500.

■■ It is clear that three factors must be met to qualify for an exemption. First, the taxpayer must qualify as an organization described in sections 19.1 through 19.23—4 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, pars. 500.1 through 500.23—4). Second, the property must not be used for pecuniary profit. (Ill. Rev. Stat. 1979, ch. 120, par. 500.10.) Third, the taxpayer must file an annual certificate of exemption with the county assessor or supervisor of assessments on or before January 31 of each year. Ill. Rev. Stat. 1979, ch. 120, par. 500.

■■■ It is axiomatic that the language of a statute must be given its plain and ordinary meaning. In *Hall v. Illinois Property Tax Appeal Board* (1981), 98 Ill. App. 3d 824, 827, 424 N.E.2d 375, 378, this court noted:

"The primary benchmark in statutory construction has been thus set forth by our supreme court:

'The primary rule in the interpretation and construction of statutes is that the intention of the legislature should be ascertained and given effect. (*People v. Price*, 257 Ill. 587, 593.) The legislative intent should be sought primarily from the language used in the statute. Where the language of the act is certain and unambiguous the only legitimate function of the courts is to enforce the law as enacted by the legislature. (*Weiss Memorial Hospital v. Kroncke*, 12 Ill. 2d 98, 105; *Belfield v. Coop*, 8 Ill. 2d 293, 307.) It is never proper for a court to depart from plain language by reading

into a statute exceptions, limitations or conditions which conflict with the clearly expressed legislative intent. (*People v. Boreman*, 401 Ill. 566, 572; *Wall v. Pfanschmidt*, 26 Ill. 180, 190-191.) * * *.' (*Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75, 84, 256 N.E.2d 758, 764.)"

Not only must statutory language be given its plain and ordinary meanings; in addition, statutory language granting tax exemptions on property must be strictly construed against the taxpayer and in favor of taxation. *Christian Action Ministry v. Department of Local Affairs* (1978), 74 Ill. 2d 51, 383 N.E.2d 958.

Applying these principles to the case at bar, it is obvious that the taxpayer failed to follow the required steps necessary to qualify for a possible exemption. The record is devoid of any indication that the taxpayer filed a certificate of exemption with the supervisor of assessments as required by the statute. (Ill. Rev. Stat. 1979, ch. 120, par. 500.) Nor did the taxpayer file a complaint alleging exempt status before the board of review, a remedy provided for by section 108 of the Act:

"The board of review shall hear and determine the application of any person who is assessed on property *claimed to be exempt from taxation.* * * *." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 120, par. 589(6).

■■ We note that the taxpayer did file a complaint before the board of review questioning the *valuation* of its property for 1979 tax assessment purposes. From this action, it can be inferred that the taxpayer was aware of the remedy before the board of review but failed to exercise it properly. In addition, we note that the record contains a certificate of exemption, an assessment complaint and accompanying documents apparently filed with the board of review during the pendency of the taxpayer's objection to its 1979 taxes. According to the appellant's brief, these documents were never admitted into evidence before the trial court. The appellant wonders how these documents found their way into the record on appeal. We wonder as well, particularly when the appellant bears the primary responsibility for the preparation of the record on appeal. (73 Ill. 2d Rules 321, 323.) However, in light of the fact that the taxpayer made no amendments or objections to the proposed report of proceedings prepared by the appellant and failed to file a brief, we will accept the appellant's statement that the certificate of exemption, assessment complaint and accompanying documents are not properly a part of the record before us. See *People v. Bounds* (1976), 36 Ill. App. 3d 330, 343 N.E.2d 622 (evidence which was never made a part of trial record not considered by appellate court even though it is included in record on appeal since such evidence was *de hors* trial record); see also *Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 367

N.E.2d 173, *cert. denied* (1978), 435 U.S. 970, 56 L. Ed. 2d 61, 98 S. Ct. 1610 (matters raised by taxpayer which were outside of record on appeal will not be considered); *Smith v. Georgia Pacific Corp.* (1979), 76 Ill. App. 3d 667, 395 N.E.2d 214 (where appellee fails to file a brief, appellate court will not act as appellee's advocate).

■■ Not only did the taxpayer fail to follow the mandatory statutory guidelines to qualify for an exemption, but it failed to pursue the administrative remedy available to it to seek review of the taxes assessed upon its property. The attempt by the taxpayer to avail itself of judicial relief in equity by paying the taxes in question under protest and filing an objection with the circuit court of Peoria County must fail where administrative remedies exist for the same purpose. See *Christian Action Ministry v. Department of Local Government Affairs* (1978), 74 Ill. 2d 51, 60, 383 N.E.2d 958, 963, where our supreme court reiterated its pronouncement in *Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 359, 326 N.E.2d 737, 741, that:

> " '[U]nlimited freedom to seek judicial review of the merits' where the legislature has established an express procedure for judicial review 'would severely undermine the legislative purpose manifest in its enactment.' [Citations.] This court concluded that the anomaly of allowing the taxpayer to seek judicial relief in equity 'even though his administrative remedy might accomplish the same result * * * ought not, in our judgment, to persist.' "

■■■ The record in the case at bar reveals that the trial judge, in sustaining the taxpayer's objection took judicial notice of the fact that other Granges were tax exempt. In certifying the proposed report of proceedings, the trial judge added the following paragraph:

> "The Court took judicial notice of the fact that another Grange (Millbook Grange) in Peoria County Illinois did receive real property tax exempt status for the year 1980 (taxes payable 1981) upon filing of a Complaint (No. DD 602, dtd. 9-23-80) before the Peoria County Board of Review and the Illinois Department of Revenue. The Court took judicial notice of the fact the exemption was granted upon compliance with the statutory procedures."

This ruling was clearly erroneous, since tax decisions are not *res judicata* for purposes of subsequent tax cases. Each annual tax is a new cause of action. (*People ex rel. Tomlin v. Illinois State Bar* (1980), 89 Ill. App. 3d 1005, 412 N.E.2d 198.) From this reasoning, we conclude that tax decisions affecting other taxpayers are not *res judicata* for similarly situated taxpayers.

Lastly, we note that the taxpayer relied on the case of *In re Application of County Treasurer* (1977), 52 Ill. App. 3d 718, 367 N.E.2d 1021, in support of its objection filed in the trial court. In that case, the taxpayer

Grange had paid real property taxes for 1973 under protest and then filed a *complaint for exemption* with the county board of review. When that complaint was denied, the taxpayer appealed. The issue before the reviewing court was whether the property of the taxpayer was entitled to tax exempt status. Clearly, that case is distinguishable on its facts from the case at bar. Furthermore, its holding is not pertinent to the issues before this court in the instant appeal.

For the foregoing reasons, we reverse the judgment of the circuit court of Peoria County and sustain the collector's application for judgment and order of judgment for 1979 real property taxes assessed against the taxpayer, Radnor Grange.

Reversed.

SCOTT, P. J., and STOUDER, J, concur.