139 Ill. App.3d 719 (1985)
487 N.E.2d 726
In re APPLICATION OF ROBERT D. CRITTON, Kane County Collector for Judgment of Taxes for the Calendar Year 1982 (Robert D. Critton, Kane County Collector, Petitioner-Appellee,
v.
Rudolph R. Gurrola et al., Respondents-Appellants).
No. 84-1165.
Illinois Appellate Court  Second District.
Opinion filed December 30, 1985.
*720 *721 John W. Gosselin, of Benson, Mair & Gosselin, of Batavia, for appellants.
Robert Morrow, State's Attorney, of Geneva (Patricia Johnson Lord, Assistant State's Attorney, of counsel), for appellee.
Order affirmed.
JUSTICE STROUSE delivered the opinion of the court:
Respondents, Rudolph R. Gurrola and Barbara A. Gurrola (the objectors), sought judicial review of the 1982 tax assessment on property they purchased in 1983. They alleged that the assessment was excessive. Kane County Collector Robert Critton (the collector), filed a motion to strike and dismiss the objectors' objections on the basis that they were precluded from seeking judicial review when the administrative remedy provided in the Revenue Act (Ill. Rev. Stat. 1981, ch. 120, par. 589(4)) had not been exhausted. The trial court entered an order granting the collector's motion. This appeal is taken from that order.
The relevant facts reveal that in February 1983 the objectors purchased certain property subject to the 1982 taxes on that property. They filed a complaint with the Kane County Board of Review (hereinafter board) alleging that the 1983 assessment of the property was excessive. As a result of their complaint, the board lowered the assessed value so that the effective tax paid in 1983 was only $5,600 as opposed to $52,000 paid in 1982. However, the board never received a complaint from the objectors or the original sellers on the real estate tax assessment for the year 1982.
After receiving a reduction on the 1983 assessment, the objectors filed a petition in the circuit court to obtain a refund of the excess taxes paid by them under protest for the 1982 assessment of the same property.
In their complaint, the objectors set forth the following allegations: (1) the tax and valuation was so excessive as to constitute constructive fraud; (2) the valuation placed on the property for which the tax extended exceeded the fair cash market value of the property; (3) the assessment and tax, in effect, amounted to the confiscation of the property; and, (4) because of the excessive assessment, the taxpayers were forced to pay an unjust proportion of the taxes.
The collector filed a motion to strike and dismiss because a complaint had never been filed with the board pursuant to the provisions of the Revenue Act (Ill. Rev. Stat. 1981, ch. 120, par. 589(4)), and, therefore, the appropriate administrative remedy had not been exhausted.
*722 In their objection to the collector's motion, the objectors argued that they had exhausted the administrative remedies available. They asserted that the real estate was not purchased until February 1983 and a complaint objecting to the 1982 tax assessment could not have been filed before the board because, according to statute, it would have had to have been filed by September 10, 1982.
The objectors' counsel further claimed that in his personal experience, a custom existed in the State's Attorney's office allowing refunds on taxes paid under protest even though a complaint had not been timely filed before the board. The objectors argued that they were informed of this custom by their attorney and relied upon it when they were negotiating the purchase price of the real estate in question. Therefore, the objectors claimed the county should be estopped from requiring exhaustion of administrative remedies in this case.
On August 20, 1984, the trial court granted the collector's motion to dismiss without any findings of fact. This timely appeal followed.
The objectors first argue that since their property was purchased in 1983, after the administrative remedy deadline for filing for a refund on an allegedly improper 1982 assessment had passed, they have exhausted their administrative review and can therefore properly bring this action in the circuit court.
Section 108(4) of the Revenue Act (Ill. Rev. Stat. 1981, ch. 120, par. 589(4)) provides a statutory remedy whereby a written complaint may be submitted to the board of review of the county in which the property is located alleging that the property described in the complaint is incorrectly assessed. The board shall review the assessment complained of and may correct the assessment "as shall appear to be just."
The statute further provides that in order to affect the assessments for the current year, counties with 150,000 or more but less than 1,000,000 inhabitants must file a complaint to the board on or before September 10 or within 30 days of publication of the assessment list if the assessment books containing the assessment complained of are not filed with the board by August 10. Ill. Rev. Stat. 1983, ch. 120, par. 589(4).
 1, 2 Tax objectors who fail to exhaust their administrative remedies by presenting their written complaints of improperly assessed real estate, including excessive and constructive fraud, with the board in compliance with the statutory procedure are precluded from seeking judicial determination or review. (People ex rel. Needham v. Abbott *723 Estate (1970), 47 Ill.2d 491, 497; People ex rel. Nordlund v. Lans (1964), 31 Ill.2d 477, 479.) The general rule of the exhaustion doctrine is that courts cannot fix the value of property for taxation, and before a taxpayer may resort to the courts for relief he must show that he has been diligent in pursuing his remedy to have the assessment corrected by the board or that he was prevented from pursuing such remedy by fraud, accident or mistake. (In re Application of Korzen (1974), 20 Ill. App.3d 531, 533.) Regardless of whether an objector has been successful in obtaining a refund upon properly filing a complaint before the board for one year's assessment, he cannot thereafter escape administrative review for alleged improper assessments on other years; a written complaint must be made before the board of alleged assessment errors for each year. People ex rel. County Collector v. Bostwick (1965), 33 Ill.2d 74, 77.
The objectors assert that, in this case, the administrative remedy is inadequate because the board's "books for the year 1982 would have been closed so that no reduction * * * for the parcels in question could have been had as the result of any complaint filed" before the board. In support of this, the objectors cite a line of cases that have held that the doctrine of the exhaustion of administrative remedies is not required when the administrative remedy is inadequate. (Saldana v. American Mutual Corp. (1981), 97 Ill. App.3d 334, 339; Steward v. Allstate Insurance Co. (1980), 92 Ill. App.3d 637, 641.) The objectors' reliance on this exception to the exhaustion doctrine is misplaced. The exception is applied only where the administrative review board does not have the power under the applicable statute to grant the relief prayed for by the objectors. Unlike the cases cited, the board here has the power under the Revenue Act to grant the relief prayed for by the objectors.
 3 Here, the original owners had the opportunity to make a complaint to the board regarding the 1982 assessment and chose not to. When the objectors purchased the property in 1983, they did so subject to the 1982 taxes which were known to them. It is also readily apparent from the facts that the objectors knew that it was too late to seek relief for the year 1982. The Revenue Act cannot be avoided simply by a change of ownership of the property to be taxed. The administrative remedy provided by the statute is not inadequate merely because the owners of the property who could have filed a complaint before the board did not. We find that the trial court correctly dismissed the objection for failing to exhaust the administrative remedy as provided by statute.
The objectors next argue that Kane County should be estopped *724 from requiring them to comply with the Revenue Act and the collector should not be allowed to object to their failure to exhaust administrative remedies. The objectors specifically assert that, because of representations made to them by their attorney that Kane County's custom and usage established a precedent whereby refunds were given for taxes on years where no complaint had been filed before the board, they relied upon the fact that there would be a tax refund in excess of $46,000 and were induced to negotiate the purchase of the property at a higher price than they otherwise would have attempted to negotiate. We disagree.
 4 Equitable estoppel has been defined as "the effect of the conduct of a party whereby he is absolutely precluded from asserting rights to the prejudice of another which might otherwise have existed." (Kovacevic v. City of Chicago (1977), 47 Ill. App.3d 674, 677.) The one claiming the benefit of estoppel must have relied upon the actions or representations of the other and must have had no knowledge or convenient means of knowing the true facts. Levin v. Civil Service Com. (1972), 52 Ill.2d 516, 524.
 5 The objectors fail to meet the general requirements which are necessary to invoke the doctrine of estoppel against the county. They did not rely upon any representations of any official of Kane County. They relied upon representations made by their attorney. Furthermore, "convenient means of knowing the true facts" were readily available to the objectors before they entered into their contract. The objectors would have been put on notice if they had reviewed the requirements of section 108(4) of the Revenue Act (Ill. Rev. Stat. 1981, ch. 120, par. 589(4)). Additionally, if they had communicated with the State's Attorney's office or the county collector, they would have been informed whether or not negotiations for a refund of 1982 taxes on the property would have been considered.
 6 Even if the objectors met the general prerequisites necessary to invoke the doctrine, they are not entitled to its use where they are attempting to prohibit tax revenue collection. Public policy forbids the application of the doctrine to a sovereign State where the public revenues are involved, and it does not apply to a county which is a mere political subdivision of the State, particularly in the collection of revenues by taxation. People v. Levy Circulating Co. (1959), 17 Ill.2d 168, 175; see also People ex rel. Scott v. Chicago Thoroughbred Enterprises, Inc. (1973), 56 Ill.2d 210, 220 (the fact that State inspectors computed the tax act under one particular formula does not estop the State from repudiating the formula as incorrect and seeking to collect back taxes due even though the taxpayer may have relied upon the *725 incorrect formula); and Citizens State Bank v. Johnson (1985), 130 Ill. App.3d 925, 928-31 (where this court held that an information bulletin, erroneously indicating an exempt status of a national mortgage association's participation certificates, did not estop the Revenue Department from issuing a corrective bulletin and retroactively taking income on the certificates).
The objectors concede that the doctrine of estoppel does not apply to the government, but contend that this rule is not absolute and may be applied to prevent an unjust result. However, that exception to the doctrine was applied because, unlike the present case, the validity of the statute was not involved. (People ex rel. Prindable v. New York Central R.R. Co. (1948), 400 Ill. 507, 518.) Here, if the Revenue Act were to be ignored, it would deprive the public of the very purpose the statute was designed to protect.
 7 The objectors next contend, citing In re Application of Aurand (1980), 90 Ill. App.3d 560, that failure to exhaust the administrative remedy was waived by Kane County. In that case, the issue was waived by failure to raise it in the trial court. (90 Ill. App.3d 560, 565.) That is not the case here. Moreover, it appears from their argument that the objectors refer to the word "waive" to mean "an intentional relinquishment of a known right." Contrary to their argument, the record clearly shows that the collector never relinquished the right to have the objectors comply with the law set forth under the Revenue Act.
As counsel for the petitioner ably argued before this court, there was no equitable estoppel or waiver, and the trial judge was correct in dismissing the complaint.
For the reasons stated, we affirm the trial court's decision in denying the objectors a hearing and dismissing their complaint.
Affirmed.
REINHARD and UNVERZAGT, JJ., concur.