*In re* APPLICATION OF THE COUNTY COLLECTOR OF DU PAGE COUNTY (The County Collector of Du Page County, *et al.*, Appellants, v. Du Page Art League, Appellee).

Second District Nos. 2—86—0172 through 2—86—0174, 2—86—0188, 2—86—0189, 2—86—0190 cons.

Opinion filed July 6, 1987.

356

Neil F. Hartigan, Attorney General, of Springfield, and James E. Ryan, State's Attorney, of Wheaton (Rita M. Novak and Roma Jones Stewart, Assistant Attorneys General, of Chicago, and Roy F. Lawrence, Barbara A. Preiner, and Robert G. Rybica, Assistant State's Attorneys, of counsel), for appellants.

John B. Kincaid, of Mirabella & Kincaid, of Wheaton, for appellee.

JUSTICE NASH delivered the opinion of the court:

In this consolidated appeal, the county collector of Du Page County (county collector) and the Illinois Department of Revenue (Department), appeal from a judgment of the circuit court that property owned by taxpayer, the Du Page Art League (Art League), was exempt from real estate taxes for 1982, 1983, and 1984, contending that (1) a prior declaration of exemption by the trial court in 1978 did not preclude the county collector from determining a tax liability for a subsequent year, (2) the court erred in denying the county collector's motion to dismiss the Art League's objections to the 1982 and 1984 taxes, and (3) the Art League failed to exhaust its administrative remedies before objecting to the 1983 tax levied against its property.

On May 10, 1978, the circuit court of Du Page County found that two adjacent parcels of real estate owned by the Art League, a charitable institution, were "actually and exclusively used for such charitable or beneficent purposes" pursuant to section 19.7 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 500.7) and were therefore exempt from taxation. The court ordered the county collector to refund real estate taxes paid by the Art League in 1975 and enjoined the county collector "from collecting real estate taxes for 1976 and all subsequent tax years."

In 1982, the Art League combined the two parcels and a new permanent index number was assigned to the new property. On November 15, 1982, the county collector sent plaintiff a "NOTICE OF ASSESSMENT CHANGE," which stated that the property's 1981 assessed value of $0 had been altered due to a change in the legal description and the 1982 assessed value was $32,960.

On January 17, 1983, the Art League filed a request for exempt status with the Du Page County board of review. After a hearing of the matter, the board found that the property was being used for the same purposes as in 1978, when found to be exempt, and stated that it therefore felt compelled to recommend exemption for 1983. The board forwarded its decision to the Illinois Department of Revenue for review pursuant to section 108(6) of the Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 589(6)). On May 2, 1984, a Department hearing officer found that the Art League was not a charitable organization and recommended reversal of the board's decision and disapproval of exempt status for 1983. The director of the Department adopted the hearing officer's findings in a decision filed September 24, 1985, and the Art League sought review of that decision in the circuit court, where it is now pending.

On November 13, 1983, the Art League filed an objection in the

circuit court to the county collector's application for order for judgment and sale for 1982 taxes, and it later filed similar objections for taxes levied against the property for 1983 and 1984. In each objection, the Art League asserted that the property remained tax exempt under the May 10, 1978, determination of the circuit court. The county collector moved to dismiss the Art League's objection to the 1983 tax on the ground that the only remedy available to the Art League was by administrative review of the Department's September 24, 1985, decision denying exemption. The county collector also moved for dismissal of the Art League's objections to the 1982 and 1984 taxes by reason of its failure to apply to the Du Page County board of review for an exemption for those years.

At a hearing on January 13, 1986, the trial court found that the changed parcel number was not sufficient grounds to alter or change the property's exempt status and denied the county collector's motions to dismiss the objections. The court subsequently determined that the property was entitled to an exemption from taxes for 1982 and that the board of review's action in forwarding the assessment to the Department of Revenue was contrary to the May 10, 1978, determination by the court that the property was tax exempt. The court also allowed the Art League's objections and found the property to be exempt from 1983 and 1984 taxes. These appeals followed and were consolidated for review in this court.

The county collector and the Department of Revenue first contend that the court erred in finding that the 1978 exemption judgment precluded a redetermination of the subject property's status in subsequent tax years.

■ It is well established that a decision adjudicating the tax status of property for a particular year is not *res judicata* as to the status of the same property in other tax years, even where the ownership and the use of the property remains the same. (*In re Application of Peoria County Treasurer & Collector* (1982), 106 Ill. App. 3d 785, 789, 436 N.E.2d 247; *Jackson Park Yacht Club v. Illinois Department of Local Government Affairs* (1981), 93 Ill. App. 3d 542, 546, 417 N.E.2d 1039; *Hopedale Medical Foundation v. Tazewell County Collector* (1978), 59 Ill. App. 3d 816, 819, 375 N.E.2d 1376, *cert. denied* (1979), 440 U.S. 916, 59 L. Ed. 2d 466, 99 S. Ct. 1234.) A property owner may thus be required to litigate the issue of its exempt status annually. (*Jackson Park Yacht Club v. Illinois Department of Local Government Affairs* (1981), 93 Ill. App. 3d 542, 546, 417 N.E.2d 1039; *People ex rel. Tomlin v. Illinois State Bar Association* (1980), 89 Ill. App. 3d 1005, 1012, 412 N.E.2d 198.) We conclude that the trial court erred in finding that the

board of review's action in forwarding its decision to the Department for review, pursuant to section 108(6) of the Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 589(6)), was improper because of the 1978 judgment exempting the property and in upholding the Art League's objections to the 1982, 1983, and 1984 taxes on that grounds.

■ The Art League argues, however, that the 1978 judgment estopped the county collector from thereafter disputing the exempt status of the property. In support, the Art League cites cases in which our supreme court has held that a prior judgment concerning the tax-exempt status of property is binding upon taxpayers in subsequent actions under the doctrine of estoppel by verdict. (*Turn Verein Lincoln v. Paschen* (1960), 20 Ill. 2d 229, 231, 170 N.E.2d 111; *Oak Park Club v. Brenza* (1955), 7 Ill. 2d 389, 392, 131 N.E.2d 89; see also *Chicago Historical Society v. Paschen* (1956), 9 Ill. 2d 378, 381, 137 N.E.2d 832.) However, the court has also determined that the doctrine does not apply against a State or county in the collection of public revenues by taxation (*People ex rel. Scott v. Chicago Thoroughbred Enterprises, Inc.* (1973), 56 Ill. 2d 210, 220, 306 N.E.2d 7; *People v. Chas. Levy Circulating Co.* (1959), 17 Ill. 2d 168, 177, 161 N.E.2d 112; see also *People ex rel. Nelson v. Ridgeway Services* (1975), 32 Ill. App. 3d 478, 480, 335 N.E.2d 503), and the county collector was thus not estopped from challenging the continued exempt status of the property here.

The board and Department also contend that the trial court erred in refusing to dismiss the Art League's objections to the 1982 and 1984 taxes for failure to follow the administrative procedures established by the Revenue Act before filing its objections in the circuit court.

■ The Revenue Act provides three factors which must be met in order to qualify for a charitable exemption. A taxpayer must qualify as an organization described in sections 19.1 through 19.23 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, pars. 500.1 through 500.23), the property must not be used for pecuniary profit (Ill. Rev. Stat. 1983, ch. 120, par. 500.10), and the taxpayer must file an annual certificate of exemption with the county assessor or supervisor of assessments on or before January 31 of each year (Ill. Rev. Stat. 1983, ch. 120, par. 500; *In re Application of Peoria County Treasurer & Collector* (1982), 106 Ill. App. 3d 785, 787, 436 N.E.2d 247). Failure to file the certificate of exemption is cause to terminate the exemption from taxation of that property. (Ill. Rev. Stat. 1983, ch. 120, par. 500.) It has been determined that the scrutiny of the board of review of the annual certificates of exemption "should be, and must be, the same as its consideration and action upon the initial application for exempt status." (*People ex. rel. Tomlin v. Illinois State Bar Association* (1980), 89 Ill.

App. 3d 1005, 1013, 412 N.E.2d 198.) That is to say, a taxpayer seeking an exemption must follow the review process prescribed in section 108(6) of the Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 589(6)) and await the decision of the board of review and the Department of Revenue before seeking relief in the circuit court.

■ In the present case, it is undisputed that the Art League did not file the annual certificates of exemption or apply for a new exemption from the board prior to filing its objections to the 1982 and 1984 taxes in circuit court. Statutes which exempt property from taxation are strictly construed in favor of taxation and the party claiming exemption has the burden to prove clearly and conclusively that he is entitled to exemption. (*Telco Leasing, Inc. v. Allphin* (1976), 63 Ill. 2d 305, 310, 347 N.E.2d 729; *Fairview Haven v. Department of Revenue* (1987), 153 Ill. App. 3d 763, 770, 506 N.E.2d 341.) The Art League failed to pursue its administrative remedies before seeking relief in the circuit court, and the trial court erred in denying the county collector's motion to dismiss the objections to the 1982 and 1984 taxes.

■ The Art League argues, however, that the Department failed to notify it of the challenge to its tax-exempt status, as required by section 131(a) of the Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 612(a)), and that it thus had no duty to apply for tax exemption before filing the objections in the circuit court. Section 131(a) requires the Department of Revenue to notify a taxpayer when it determines that any property is no longer entitled to exemption. However, the procedures in this case which caused the property to be placed back on the tax rolls were initiated by the county collector, not the Department. The Department did not determine that the property was not exempt until September 24, 1985, and then promptly notified the Art League of its decision in accordance with section 131(a) of the Act.

■ In any event, section 19 of the Act requires an owner of exempt property to file an annual certificate of exemption regardless of whether there has been any change in the status of the property (Ill. Rev. Stat. 1983, ch. 120, par. 500) and the Art League had a duty to file a certificate of exemption and proceed through the administrative review process prior to filing its objections to the 1982 and 1984 taxes in the circuit court. We note that, for the same reason, the trial court's determination that the changed parcel number was not a sufficient ground to alter the Art League's exempt status did not relieve it from the requirement of filing the annual certificate of exemption, and pursue administrative remedies as hereinafter discussed, before raising objections in the circuit court.

■ The Art League also argues that it was not provided with a

sufficient opportunity to seek administrative relief from the 1982 taxes because it was not given timely notice of the change in status of the property; it asserts that its only remedy was to file the tax objections in the circuit court. However, the county collector sent the Art League a letter entitled "NOTICE OF ASSESSMENT CHANGE" on November 15, 1982, which stated that the assessed valuation of the property had been changed from $0 to $32,960 because of the change in the property's legal description. The assessment letter was clearly sufficient to reasonably apprise the Art League that its property would no longer be considered exempt from taxation. After notice, a taxpayer may object to the change of assessment within 30 days of the publication of the assessment list (Ill. Rev. Stat. 1983, ch. 120, par. 589(4)), or apply to the board of review for an exemption during the board's term for the relevant tax year (Ill. Rev. Stat. 1983, ch. 120, par. 589(6)). Although the Art League had more than a month to pursue either course of action, it failed to file a request for exempt status with the board until January 17, 1983. We conclude that the Art League had ample opportunity to seek relief under the administrative review provisions of the Act.

The Department and county collector also contend that the Art League failed to exhaust its administrative remedies before filing its objection to the 1983 taxes and was thereby precluded from objecting in the circuit court.

The Art League filed a request for exempt status for 1983 with the county board of review on January 17, 1983, which the board of review approved and forwarded to the Department of Revenue. A Department hearing officer recommended reversal of the Board's decision on May 2, 1984, but a final decision was not issued by the director of the department until September 24, 1985. On October 18, 1984, however, the Art League filed its objections with the circuit court to the taxes owed for 1983. The collector and Department argue that the trial court erred in refusing to dismiss the Art League's objection to the 1983 tax on the ground that the sole remedy available to the Art League was administrative review of the Department's September 24, 1985, decision.

Generally, one may not seek judicial relief from an administrative action unless he has exhausted all administrative remedies available to him (*Phillips v. Graham* (1981), 86 Ill. 2d 274, 289, 427 N.E.2d 550), and the Art League does not argue that any exceptions to that rule are applicable here. Section 108(6) of the Act makes it clear that the review process of an application for exemption does not result in a final administrative decision reviewable by the circuit court until the Department issues its decision. (See Ill. Rev. Stat. 1983, ch. 120, par.

589(6); *Christian Action Ministry v. Department of Local Government Affairs* (1978), 74 Ill. 2d 51, 60, 383 N.E.2d 958.) Here, the Art League improperly sought judicial relief by filing its objection to the 1983 tax in the circuit court before the Department had issued its final decision, and the trial court thus erred in denying the motion to dismiss the objection on that ground.

■■ The Art League argues, however, that the tax objection procedures of section 235 of the Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 716) were a proper method of asserting its exempt status as under section 194 of the Revenue Act (Ill. Rev. Stat. 1983, ch. 120, par. 675), a taxpayer claiming tax-exempt status of property need not pay the taxes under protest prior to proceeding under section 235. Although we agree that the procedures outlined in section 235 may ultimately be utilized to raise objections to taxation, our supreme court has held that "exhaustion of the administrative procedures provided in the Revenue Act is a condition precedent to filing objections to the collector's application for judgment." (*People ex. rel. Korzen v. Fulton Market Cold Storage Co.* (1976), 62 Ill. 2d 443, 446, 343 N.E.2d 450, *cert. denied* (1976), 429 U.S. 833, 50 L. Ed. 2d 98, 97 S. Ct. 97; see also *In re Application of Critton* (1985), 139 Ill. App. 3d 719, 722, 487 N.E.2d 726; *In re Application of Peoria County Treasurer & Collector* (1982), 106 Ill. App. 3d 785, 789, 436 N.E.2d 247.) The appellate court has also considered that the exhaustion of administrative remedies requirement applies to proceedings under section 235. (See *In re Application of County Treasurer* (1978), 65 Ill. App. 3d 307, 310, 382 N.E.2d 311; *In re Application of Korzen* (1976), 43 Ill. App. 3d 566, 570, 357 N.E.2d 601.) The Art League's reliance on *In re Application of Clark* (1980), 80 Ill. App. 3d 1010, 400 N.E.2d 661, is misplaced. *Clark*, contrary to the Art League's argument, does not stand for the proposition that exhaustion of administrative procedures is not necessary before judicial review under section 235, but rather addresses the question of whether the taxpayer was a charitable organization for tax purposes. We conclude that the Art League was not entitled to file objections under section 235 without first exhausting the administrative review process provided in the Revenue Act.

Accordingly, the judgment of the circuit court is reversed.

Reversed.

DUNN and INGLIS, JJ., concur.